STATE OF NORTH CAROLINA v. HENRY WEAVER

No. 24A81

(Filed 5 October 1982)

**1. Rape and Allied Offenses § 6.1— taking indecent liberties with a child under the age of sixteen not lesser offense of first-degree rape of a child of twelve years or less**

In a prosecution for first-degree rape of a child "of the age of twelve years or less," G.S. 14-27.2(a)(1), the trial court did not err in failing to instruct on the offense of taking indecent liberties with a child under the age of sixteen,

---

State v. Weaver

---

G.S. 14-202.1, as a lesser included offense. Although it might be argued that under certain factual circumstances taking indecent liberties with a child is a lesser included offense of first-degree rape, the facts of a particular case do not determine whether one crime is a lesser included offense of another. Rather, the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime. To the extent that *State v. Shaw*, 293 N.C. 616 (1977) is in conflict with the holding of this case, it is expressly overruled.

**2. Rape and Allied Offenses § 6.1— assault on child under twelve—not lesser offense of first-degree rape of child under twelve**

Assaulting a child under the age of twelve, G.S. 14-33(b)(3), is not a lesser included offense of first-degree rape of a child of the age of twelve or less, G.S. 14-27.2(a)(1).

**3. Rape and Allied Offenses § 6.1— assault on female by male over eighteen not lesser offense of first-degree rape of a child under twelve**

Assault on a female by a male over eighteen, G.S. 14-33(b)(2), is not a lesser included offense of first-degree rape of a child under twelve, G.S. 14-27.2(a)(1).

**4. Criminal Law § 91.4— absence of counsel—denial of motion to continue—no abuse of discretion**

The trial court did not abuse its discretion in denying defendant's motion to continue based upon the absence of one of defendant's two attorneys for the closing arguments.

**5. Constitutional Law § 48— standard to be used in determining what constitutes ineffective assistance of counsel**

The standard to be used in determining what constitutes ineffective assistance of counsel is the standard expressed in *McMann v. Richardson*, 397 U.S. 759 (1970). That standard determines whether counsel's performance was "within the range of competence demanded of attorneys in criminal cases." Using the McMann standard, defendant failed to demonstrate that he received ineffective assistance of counsel when his main attorney was unable to give the closing argument and the other attorney (1) failed to request that her closing argument be recorded and (2) was just out of law school with no experience in trying a case of this magnitude.

**6. Constitutional Law § 40— no deprival of lawyer of defendant's choice**

An indigent defendant represented by two lawyers does not have the right to require that the lawyer of his choice deliver the closing argument at his trial; therefore, there was no merit to defendant's contention that his constitutional rights were violated when his main attorney was unable to deliver the closing argument and his other attorney had to fill in.

Justices MITCHELL and MARTIN did not participate in the consideration or decision of this case.

ON appeal from judgment of *Owens, Judge*, entered 17 October 1980 in the Superior Court, MECKLENBURG County. Defend-

ant was convicted of first-degree rape and sentenced to life imprisonment. He appeals to this Court as a matter of right pursuant to G.S. 7A-27(a) (1981). This case was docketed and argued as No. 24 at the Fall Term 1981.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Appellate Defender Adam Stein and Ann Petersen, admitted pro hac vice, for defendant-appellant.*

CARLTON, Justice.

The primary question on this appeal is whether the offenses of taking indecent liberties with a child under the age of sixteen, G.S. 14-202.1 (1981); assaulting a child under the age of twelve, G.S. 14-33(b)(3) (1981); and assault on a female by a male over the age of eighteen, G.S. 14-33(b)(2) (1981), are lesser included offenses of first-degree rape of a child of the age of twelve or less, G.S. 14-27.2(a)(1) (1981).

I.

Evidence for the State tended to show that Cassandra Westbrook was eleven years old on 16 April 1980. Defendant, about 48 years of age, was the father of Cassandra's half-brother. On 16 April 1980, defendant, Cassandra's aunt, Martha Brown, Cassandra and two other children went downtown to look for an inner tube for a bicycle tire. Cassandra gave the following testimony at trial. Defendant led Cassandra through town to the end of a dead-end street, telling her he knew a place where they could get a tire. He led her through a wooded area to a creek. There defendant choked her, threatened her with a knife, and struck her in the face. He told her to take down her pants; she complied. Cassandra also testified that defendant then "put his privates against mine. When I say privates I mean his penis." Cassandra then pulled up her pants and the two prepared to leave. Defendant pulled her pants down again and repeated the act described above. Cassandra testified, "He put his private parts inside me halfway." He also "put his mouth to my private parts." Defendant then made her put her mouth to his penis and told her to open her shirt. When she did not do so he ripped her shirt and brassiere. He put his mouth on her breast. He then

wiped Cassandra with a white, brown and orange rag he had brought along. He told Cassandra that if she told her mother about the incident, he would kill her and her mother.

Defendant and Cassandra then returned to town where defendant bought Cassandra new clothes. She changed into the new clothes in the rest room of the Krispy Kreme shop where defendant worked. Defendant made three phone calls, one of which was to Cassandra's aunt, Martha Brown, who came to the doughnut shop to pick up Cassandra.

Cassandra's mother, Peggy Westbrook, testified that when she questioned Cassandra upon her arrival home, Cassandra denied that anything was wrong. Later, according to Ms. Westbrook, Cassandra began to have nightmares and do poorly in school. Cassandra's teacher called from school to say that Cassandra's grades were dropping. At the end of May 1980, Cassandra told her mother "a little bit about what happened." Ms. Westbrook testified, "She said he put his mouth on her, made her put her mouth on him and he put it in." Ms. Westbrook called the police.

The investigating officer, Sylvia Williamson, testified that Cassandra showed her the place where the alleged assaults occurred. They found the towel which Cassandra identified in court as similar to the one defendant used on the occasion in question. Ms. Williamson said Cassandra told her that defendant put his penis in her private area and "stroked." He also made her perform oral sex on him.

At the close of the State's evidence, the State and defendant stipulated that a crime laboratory examination of the towel failed to reveal the presence of hair or sperm.

A specialist in obstetrics and gynecology testified for defendant that he examined Cassandra some six weeks after the incident. He found no evidence of trauma to her genitals. He also testified that Cassandra told him defendant's penis had not been inserted into her vagina, mouth or rectum. On cross-examination Cassandra testified she had told the doctor this because she was embarrassed.

On Friday, the day scheduled for final arguments, defendant's lead counsel was not present in court because he had a fam-

ily medical emergency. The trial court denied defendant's motion to continue the case until the following Monday. The court did recess until 2 p.m. in order to give defendant's assisting counsel, Ms. Isabell Day, time to prepare her closing argument. Although Ms. Day had been present throughout the trial, she told the court, "I have never had a jury trial before. This is my first time in front of the jury, my first examination of a witness in front of a jury, and I have never argued to a jury before." Ms. Day made the closing argument.

Defendant requested the court to instruct the jury on the offenses of assault on a female, assault on a child under twelve years of age, and taking indecent liberties with a child. The court instructed only on first-degree rape and attempted first-degree rape.

The jury convicted defendant of first-degree rape and he was sentenced to life imprisonment. He appeals the life sentence to this Court as a matter of right.

II.

Before this Court, defendant contends that the trial court erred in failing to instruct the jury on the offenses of taking indecent liberties with a child under the age of sixteen, G.S. 14-202.1 (1981); assaulting a child under the age of twelve, G.S. 14-33(b)(3) (1981); and assault on a female by a male over the age of eighteen, G.S. 14-33(b)(2) (1981) — offenses defendant argues are lesser included offenses of first-degree rape of a child of the age of twelve or less, G.S. 14-27.2(a)(1) (1981). We hold that these offenses are not, as a matter of law, lesser included offenses of first-degree rape of a child of the age of twelve or less, G.S. 14-27.2(a)(1) (1981).

The well-established rule in this jurisdiction is:

> When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of which could be proved by proof of the allegations in the indictment. Further, when there is some evidence supporting a lesser included offense, a defendant is entitled to a charge thereon even when there is no specific prayer for such instruction, and error in failing to do so will not be cured by a

verdict finding a defendant guilty of a higher degree of the same crime.

*State v. Banks,* 295 N.C. 399, 415-16, 245 S.E. 2d 743, 754 (1978) (quoting *State v. Bell,* 284 N.C. 416, 419, 200 S.E. 2d 601, 603 (1973) ).

### A.

[1]   Defendant was indicted and tried for the first-degree rape of a child "of the age of 12 years or less," G.S. 14-27.2(a)(1) (1981). That statute provides: "(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse: (1) With a victim who is a child of the age of 12 years or less and the defendant is of the age of 12 years or more and is four or more years older than the victim."

The "taking indecent liberties" statute in force at the time defendant was indicted defined that crime as follows:[1]

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

(b) Taking indecent liberties with children is a felony punishable by a fine, imprisonment for not more than 10 years or both.

G.S. 14-202.1 (Cum. Supp. 1979), *amended by* G.S. 14-202.1(1981).

It is clear from the statutory definition of these two crimes that the offense of taking indecent liberties with a child under

---

1. The substantive portions of this statute remain as they were enacted in 1975 with only the punishment provision amended to provide that the crime is "punishable as a Class H felony."

G.S. 14-202.1 has essential elements which are not also essential elements of first-degree rape under G.S. 14-27.2(a)(1). The age requirements under the indecent liberties statute are not the same as those for first-degree rape. Under the indecent liberties statute the defendant must be "*16* years of age or more" and "at least *five* years older" than the victim; the victim must be "under the age of *16* years." Under the first-degree rape statute the defendant must be "*12* years or more" and "*four* or more years older than the victim;" the victim must be "*12* years or less." (Emphases added.) Although both crimes have age requirements, those requirements are not the same. The offense of taking indecent liberties with a child, G.S. 14-202.1, contains different age requirements, or different essential elements, from the first-degree rape statute, G.S. 14-27.2(a)(1), and thus is not a lesser included offense of first-degree rape.

It might be argued that *under certain factual circumstances* taking indecent liberties with a child is a lesser included offense of first-degree rape. For example, in all cases in which the defendant is over seventeen and the victim is under twelve, as here, all the age elements of both statutes are met. However, if the defendant is less than seventeen years old it is possible that he will be four but not five years older than his victim; the age differential element of the rape statute would be met but not the age differential element of the indecent liberties statute. In that case, satisfying the age requirements of the statutory rape law does not automatically satisfy the age requirements of the indecent liberties statute. The age differential element of the "lesser" crime of taking indecent liberties is not completely included in the "greater" crime, the rape offense.

We do not agree with the proposition that the *facts* of a particular case should determine whether one crime is a lesser included offense of another. Rather, the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime. *State v. Banks*, 295 N.C. 399, 415-16, 245 S.E. 2d 743, 754 (1978). In other words, all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a *definitional*, not a factual basis.

There is another essential element of the crime of taking indecent liberties with a child under G.S. 14-202.1 that is not an essential element of first-degree rape under G.S. 14-27.2(a)(1): the element of sexual purpose under G.S. 14-202.1(a)(1) or, in the alternative, the element of a "lewd or lascivious act" under G.S. 14-202.1(a)(2). The statute defining first-degree rape does not require a sexual purpose or a "lewd or lascivious act." We note that sexual purpose *may* be inherent in an act of rape.[2] However, a sexual purpose or a "lewd or lascivious act" is not an element of proof under the first-degree rape statute, G.S. 14-27.2(a)(1) (1981).

We hold, therefore, that the offense of taking indecent liberties with a child under G.S. 14-202.1 is not a lesser included offense of statutory rape under G.S. 14-27.2(a)(1) because the age elements are different and, while sexual purpose may be inherent in an act of forcible vaginal intercourse, it is not required to be proved in order to convict a defendant of rape.

We realize that our holding here is in apparent conflict with *State v. Shaw,* 293 N.C. 616, 239 S.E. 2d 439 (1977). There, in a different context, it was said that the offense of taking indecent liberties with a child was a "lesser offense . . . necessarily included in the offense of rape." *Id.* at 632, 239 S.E. 2d at 449. We also note our recent holdings in *State v. Ludlum,* 303 N.C. 666, 281 S.E. 2d 159 (1981) and *State v. Williams,* 303 N.C. 507, 279 S.E. 2d 592 (1981). In *Williams,* Chief Justice Branch wrote:

> The offense of taking indecent liberties with children requires proof that the crime be willful and that it be for the "purpose of arousing or gratifying sexual desire." Thus, the offense of taking indecent liberties with children *requires proof of essential elements not contained in the offense proscribed by G.S. 14-27.4(a)* [first-degree sexual offense] *and is*

2. We also note, however, that recent scientific literature suggests that most rapists do not act "for the purpose of arousing or gratifying sexual desire," (as the indecent liberties statute requires) but to satisfy a powerful aggressive need. Nat'l Inst. of Law Enforcement and Criminal Justice, Law Enforcement Assistance Admin., U.S. Dept. of Justice, *Forcible Rape: Final Project Report,* at 14 (1978) (written by Battelle Memorial Institute Law and Justice Study Center) (quoting Bromberg and Coyle, *Rape: A Compulsion to Destroy,* 22 Medical Insight 21-25 (1974) ). See also Cohen, Garofalo, Boucher and Seghorn, *The Psychology of Rapists,* 3 Seminars in Psychiatry 307-27 (1971). Indeed, rape is often characterized today not as a "lewd or lascivious act," but as an "act of violence," Mitra, " . . . *For She Has no Right or Power to Refuse Her Consent,"* 1979 Crim. L. Rev. 558 (1979).

*therefore not a lesser-included offense of the latter first-degree sexual offense.* We therefore hold that the trial court did not err in failing to instruct on G.S. 14-202.1.

303 N.C. at 514, 279 S.E. 2d at 596. (Emphasis added.)

We reached the very same result in *Ludlum* in an opinion by Justice Exum, 303 N.C. at 674, 281 S.E. 2d at 164.

Our holdings in *Williams, Ludlum* and the case at bar are clearly consistent with the long-standing rule in this jurisdiction that a lesser included offense is one in which the greater offense contains all of the essential elements of the lesser offense. Our holding in *Shaw* is in conflict with that rule. Therefore, to the extent that it holds that the offense of taking indecent liberties with a child is a lesser included offense of statutory rape, *Shaw* is hereby expressly overruled.

B.

[2]   We also reject defendant's contention that assaulting a child under the age of twelve, G.S. 14-33(b)(3), is a lesser included offense of first-degree rape of a child of the age of twelve or less, G.S. 14-27.2(a)(1).

One is guilty of a misdemeanor assault under G.S. 14-33(b)(3) if he "[a]ssaults a child under the age of 12 years." It is readily apparent that this crime has an essential element which is not also an essential element of the crime of first-degree rape of a child of the age of twelve years or less: an *assault.* G.S. 14-27.2(a)(1) provides that a person is guilty of first-degree rape only if he "*engages* in vaginal intercourse" with the young victim; no concomitant assault is required.

This lack of an assault requirement under the statutory rape law, G.S. 14-27.2(a)(1), is understandable given the purpose of the statute. Unlike the provision of the first-degree rape statute that applies if the victim is an adult, G.S. 14-27.2(a)(2), the forbidden conduct under the statutory rape provision, G.S. 14-27.2(a)(1), is the act of intercourse itself; any force used in the act, any injury inflicted in the course of the act, or the apparent lack of consent of the child are *not* essential elements. This is so because the statutory rape law, G.S. 14-27.2(a)(1), was designed to protect children under twelve from sexual acts.

It may be argued that vaginal intercourse with a child under twelve is itself an assault. This is not the case because the crime of assault has essential elements which are not also essential elements of statutory rape. For example, assault generally requires proof of state of mind of either the defendant or the victim—the defendant's intent to do immediate bodily harm or the victim's reasonable apprehension of such harm. The statutory rape law, G.S. 14-27.2(a)(1), does not contain a state of mind element, however. Assault on a child under twelve, G.S. 14-33(b)(3), is not, therefore, a lesser included offense of first-degree rape of a child under twelve, G.S. 14-27.2(a)(1).

## C.

[3] In addition, we reject defendant's contention that assault on a female by a male over eighteen, G.S. 14-33(b)(2), is a lesser included offense of first-degree rape of a child under twelve, G.S. 14-27.2(a)(1).[3] The offense of assault on a female has essential elements that are not also essential elements of the crime of first-degree rape of a child of the age of twelve years or less. First, G.S. 14-33(b)(2) contains an assault requirement which, as explained above in section B, is not an essential element of statutory rape, G.S. 14-27.2(a)(1). Second, the two requirements under G.S. 14-33(b)(2) that the defendant be a "male person" and "over the age of 18 years" are not essential elements included in the statutory rape law, G.S. 14-27.2(a)(1). Therefore, assault on a female by a male over eighteen is not a lesser included offense of first-degree rape of a child of the age of twelve or less because all of the elements of the assault offense are not included in the rape offense.

## D.

In summary, the trial court correctly refused to charge on the requested "lesser" offenses and properly charged on an attempt to commit the crime charged. G.S. 15-170 (1978), enacted in this state almost a century ago, provides that a defendant may be convicted on an indictment of (1) the crime charged therein, or

---

3. We note that although defendant stated this contention in his brief, "no reason or argument is stated or authority cited" in support of this contention, Rule 28(b)(5), N.C. Rules App. Proc., 303 N.C. 713, 715 (1981) (amending by renumbering Rule 28(b)(3), N.C. Rules App. Proc., 287 N.C. 669, 742 (1975) ). We will, however, address this issue rather than deem it abandoned.

(2) a less degree of the crime charged, or (3) an attempt to commit the crime charged, or (4) an attempt to commit a less degree of the crime charged. The offenses requested for submission by the defendant here fit none of the enumerated categories. The trial court properly instructed the jury with respect to categories one and three.

### III.

Defendant next contends that he was denied effective assistance of counsel and continued representation of counsel of his choice when the trial court denied his motion for continuance. Defendant relies on the proposition that although a motion for a continuance generally is addressed to the sound discretion of the trial judge, and review is limited to a showing of an abuse of that discretion, when the question presented is based on a constitutional right, it is reviewable as a question of law. *State v. McFadden*, 292 N.C. 609, 611, 234 S.E. 2d 742, 744 (1977). He contends that the trial court erred not only as a matter of law but under a traditional abuse of discretion standard as well.

### A.

[4] We first summarily reject defendant's contention that the trial court abused its discretion in failing to allow the motion for continuance. In *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976), this Court stated, "before ruling on a motion to continue the judge should hear the evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice." *Id.* at 483, 223 S.E. 2d at 386. Here, the trial court listened to Ms. Day, a member of the public defender's office, request a continuance until the following Monday so that Mr. Chapman, the lead counsel for the public defender's office, could make the closing argument to the jury. Ms. Day advised the court that her duties in the case were primarily the cross-examination of the prosecuting witness and the presentation of an introductory statement to the jury in the closing argument. She also told the court that Mr. Chapman planned to make the primary closing argument and that this was her first jury trial. Ms. Day had participated in the entire trial. The trial court found that Ms. Day was a "fully capable attorney to present final arguments to the jury" and gave her until 2 p.m. that day to prepare her argument. We note no argument by defendant that Ms. Day did not present

an adequate argument to the jury. Clearly, on the record before us, we are unable to find that the trial court abused its discretion in denying the continuance motion.

B.

[5] Defendant also contends that he was denied his state and federal constitutional right to effective assistance of counsel as a matter of law. He urges that we make clear the standard to be used in determining what constitutes ineffective assistance of counsel. With our adoption today of the *McMann* test, we hope this uncertainty is dispelled.

In *State v. Milano,* 297 N.C. 485, 256 S.E. 2d 154 (1979), this Court noted the standard the United States Supreme Court used in evaluating the advice counsel gave the defendant in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970). We interpreted *McMann* as holding that the gauge of effective assistance of counsel is whether counsel's performance was "within the range of competence demanded of attorneys in criminal cases." *State v. Milano,* 297 N.C. at 494, 256 S.E. 2d 159 (quoting *McMann v. Richardson,* 397 U.S. at 770-71, 90 S.Ct. at 1448-49, 25 L.Ed. 2d at 773). We also noted that, "[t]he courts . . . have consistently required a stringent standard of proof on the question of whether an accused has been denied Constitutionally effective representation. . . . To impose a less stringent rule would be to encourage convicted defendants to assert frivolous claims which could result in unwarranted trial of their counsels." *State v. Milano,* 297 N.C. at 494, 256 S.E. 2d at 159 (quoting *State v. Sneed,* 284 N.C. 606, 613, 201 S.E. 2d 867, 871-72 (1974)).

In *State v. Misenheimer,* 304 N.C. 108, 282 S.E. 2d 791 (1981), this Court applied both the *McMann* test and the ABA Standards Relating to the Defense Function, without adopting either standard. *Id.* at 120-21, 282 S.E. 2d at 799-800. In *State v. Maher,* 305 N.C. 544, 290 S.E. 2d 694 (1982), we observed in a footnote that this Court had not yet decided which standard is to be used. *Id.* at 549 n.1, 290 S.E. 2d at 697 n.1. It was assumed in *State v. Vickers,* 306 N.C. 90, --- S.E. 2d --- (1982), that the *McMann* test had been adopted by this Court. *Id.* at ---, --- S.E. 2d at ---.

To resolve any confusion which understandably might now exist, we expressly adopt today the *McMann* standard. In apply-

ing the test to the case at bar we must decide whether counsel's performance was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. at 771, 90 S.Ct. at 1449, 25 L.Ed. 2d at 773.

Defendant concedes he is unable to demonstrate the level of Ms. Day's competence because her closing argument was not recorded. However, he argues that Ms. Day's failure to request that her closing argument be recorded is proof of her incompetence. Alternatively, defendant contends that a "lawyer just out of law school with no experience in trying cases, is incompetent as a matter of law to give the . . . closing arguments" in a trial of this nature.

We reject defendant's first assertion summarily. Defendant cites no authority for the proposition that an attorney's failure to request the recording of a closing argument demonstrates, as a matter of law, that counsel is incompetent. This failure to provide authority for such an assertion is probably due to the fact that there is none. Many, if not most times, closing arguments are not recorded. We note that only rarely do records in criminal cases that reach this Court contain them. The trial court, having watched Ms. Day participate in the entire trial, found her fully capable of presenting the closing argument. We cannot imagine that counsel's failure to have her closing argument recorded violates the *McMann* standard, or any other standard of competence.

Moreover, mere inexperience of counsel, without more, does not constitute ineffective assistance of counsel. *State v. Poole,* 305 N.C. 308, 312-13, 289 S.E. 2d 335, 338-39 (1982); *e.g., United States ex rel. Williams v. Twomey,* 510 F. 2d 634, 638-39 (7th Cir.), *cert. denied,* 423 U.S. 876 (1975). The trial court had sufficient evidence of Ms. Day's ability to adequately present defendant's closing argument. As we said in *Poole,* "[t]he trial court was in a position far superior to ours to observe [counsel's] abilities and we are not prone to find an abuse of the trial court's discretion when nothing more than the defendant's naked assertion that his trial counsel was inexperienced is placed before us." *Id.* at 313, 289 S.E. 2d at 339.

## C.

[6] Finally, defendant contends that his constitutional rights were violated because he was deprived of the lawyer of his choice. This argument is patently without merit. Ms. Day was one of *two* lawyers the State provided to assist the defendant in presenting his case. The trial court's findings indicate that Ms. Day participated throughout the trial. It was planned that she would present part of the closing argument. Defendant has no legal basis for his complaint that his constitutional rights were violated because only one of the two lawyers assisting in his defense could participate in this brief portion of the trial. An indigent defendant does not have the right to a lawyer of his choice. *State v. Sweezy*, 291 N.C. 366, 371, 230 S.E. 2d 524, 528 (1976); *State v. Robinson*, 290 N.C. 56, 65, 224 S.E. 2d 174, 179 (1976); *e.g., United States v. Hampton*, 457 F. 2d 299, 301 (7th Cir.), *cert. denied*, 409 U.S. 856 (1972). It follows, therefore, that an indigent defendant represented by two lawyers does not have the right to require that the lawyer of his choice deliver the closing argument at his trial.

Defendant had a fair trial, free from prejudicial error.

No error.

Justices MITCHELL and MARTIN did not participate in the consideration or decision of this case.