STATE OF NORTH CAROLINA v. BOBBY RAY [SIC] McCULLOUGH

No. 8524SC303

(Filed 3 September 1985)

**Automobiles and Other Vehicles § 134; Robbery § 5.4— common law robbery — unauthorized vehicle use not lesser offense**

> Unauthorized use of a motor vehicle is not a lesser included offense of common law robbery, and the trial court in a common law robbery prosecution thus erred in submitting an issue as to defendant's guilt of unauthorized use. G.S. 14-72.2(a).

APPEAL by defendant from *Lamm, Judge.* Judgment entered 25 October 1984 in Superior Court, MADISON County. Heard in the Court of Appeals 26 August 1985.

Defendant was indicted for common law robbery. At trial, the State offered evidence which tended to show that the defendant and three other persons were riding in a truck owned and operated by Randal Rathbone. Two scuffles ensued and during the second fight defendant struck Rathbone with a lug wrench. As Rathbone fled the scene of the scuffle he heard his truck start up, and heard someone driving it away. Rathbone received his truck back the next day.

Defendant presented evidence which tended to show that he, Rathbone and two girls had been swimming, drinking liquor and smoking marijuana. They then went to Canton and picked up the defendant's brother. While traveling to Asheville a couple of scuffles broke out involving defendant, his brother and Rathbone, because Rathbone was driving too fast. While the second fight was in progress one of the two girls started the truck and the defendant left with them. The truck was left in front of a church in Canton. Defendant further testified that he had no intention of stealing the truck from Rathbone.

At the close of the evidence the court submitted as possible verdicts guilty of common law robbery, guilty of unauthorized use of a motor vehicle and not guilty. Defendant was convicted of unauthorized use of a motor vehicle and sentenced to two years imprisonment as a committed youthful offender. From this judgment, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant.*

ARNOLD, Judge.

The sole issue presented for review is whether the trial court erred by submitting as a possible verdict guilty of unauthorized use of a motor conveyance. Defendant argues that unauthorized use of a motor vehicle is not a lesser included offense of common law robbery; and, therefore, that he was convicted of a crime for which he had not been indicted. We agree, and reverse defendant's conviction.

The test for determining whether one crime is a lesser included offense of another was set forth by our Supreme Court in *State v. Weaver,* 306 N.C. 629, 295 S.E. 2d 375 (1982). In *Weaver* the Court stated:

> We do not agree with the proposition that the *facts* of a particular case should determine whether one crime is a lesser included offense of another. Rather, the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime. *State v. Banks,* 295 N.C. 399, 415-416, 245 S.E. 2d 743, 754 (1978). In other words, all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a *definitional,* not a factual basis. (Emphasis in original.)

306 N.C. at 635, 295 S.E. 2d at 378-379. The definition of common law robbery is the felonious taking of money or goods of any value from the person of another or in his presence against his will by violence or by putting him in fear. *State v. Black,* 286 N.C. 191, 209 S.E. 2d 458 (1974). A person is guilty of the unauthorized use of a motor vehicle if he takes or operates a motor-propelled conveyance of another without the express or implied consent of the owner or the person in lawful possession of the conveyance. *See* G.S. 14-72.2(a).

Under the strict definitional approach established in *Weaver* unauthorized use of a motor vehicle is not a lesser included offense of common law robbery. One of the essential elements of unauthorized use of a motor vehicle is the taking or operating of a motor vehicle without having formed an intent to permanently deprive the owner thereof. Conversely to be guilty of common law robbery one must have an intent to permanently deprive one of whatever goods which they take from said person. All the elements of unauthorized use of a motor vehicle are not present in common law robbery. Therefore, under the *Weaver* test unauthorized use is not a lesser included offense of common law robbery.

For the above stated reasons we hold that defendant's conviction must be, and hereby is,

Reversed.

Chief Judge HEDRICK and Judge PARKER concur.