STATE OF NORTH CAROLINA v. RICKY DEAN WORTHAM

No. 289PA86

(Filed 6 January 1987)

1. Assault and Battery § 7; Rape and Allied Offenses § 3.1— indictment for at-
   tempted rape—assault on female not lesser included offense

   The element of assault in assault on a female is not legally the same as
   the overt act in an attempted rape, and the crime of assault on a female thus
   contains an element, the assault, which is not contained in the crime of at-
   tempted second degree rape. Moreover, the crime of assault on a female also
   includes two other elements which are not present in the crime of attempted
   rape—that the defendant must be (1) a male person and (2) at least eighteen
   years old. Therefore, the offense of assault on a female is not a lesser included
   offense of second degree rape, and the trial court had no jurisdiction to convict
   or sentence defendant for assault on a female based upon an indictment for at-
   tempted rape.

2. Criminal Law §§ 171.1, 177.3— offenses consolidated for judgment—vacation of
   one offense—remand for resentencing

   Since it is probable that a defendant's conviction for two or more offenses
   influences adversely to him the trial court's judgment on the length of the
   sentence to be imposed when these offenses are consolidated for judgment, the
   better procedure is to remand for resentencing when one or more but not all
   of the convictions consolidated for judgment has been vacated.

ON defendant's petition for discretionary review of a decision
of the North Carolina Court of Appeals, 80 N.C. App. 54, 341 S.E.
2d 76 (1986), finding no error in defendant's trial which resulted in
convictions of first degree burglary and assault on a female.

*Lacy H. Thornburg, Attorney General, by Henry T. Rosser,
Assistant Attorney General, for the state.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Robin E.
Hudson, Assistant Appellate Defender, for defendant appellant.*

EXUM, Chief Justice.

The question presented on this appeal is whether the offense
of assault on a female, N.C.G.S. § 14-33(b)(2), is a lesser included
offense of attempted second degree rape, N.C.G.S. § 14-27.3(a)(1).
We conclude it is not and reverse the Court of Appeals' decision
to the contrary.

## I.

Defendant was tried on a three-count indictment charging first degree burglary, felonious larceny, and attempted second degree rape.

Evidence for the state tended to show that on the evening of 10 August 1984 the victim was asleep on a sofa underneath an open window when she awoke to find a man, whom she positively identified as the defendant, leaning over her through the window "getting ready to crawl on top" of her. The victim jumped up and screamed and the intruder jumped back outside. The victim's panties, which were intact and properly fit when she went to sleep, had been slit open. Defendant presented alibi evidence.

The jury acquitted defendant of larceny and attempted rape, but found him guilty of assault on a female and first degree burglary. The trial court consolidated these convictions for judgment and sentenced defendant to twenty years imprisonment for which 215 days' credit was given for confinement before judgment.

On defendant's appeal to the Court of Appeals he argued among other things that the trial court had no jurisdiction to convict or sentence him for assault on a female because this crime was not charged in the indictment and is not a lesser included offense of attempted rape which was charged. Applying the test set forth in *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), the Court of Appeals disagreed and concluded that an indictment charging attempted rape necessarily includes assault on a female as a lesser offense.

We allowed defendant's petition for discretionary review of the lesser included offense issue.[1]

## II.

[1] In *Weaver*, we held that assault on a child under the age of twelve is not a lesser included offense of first degree rape of a child of the age of twelve or less. We said there that the defini-

---

1. The Court of Appeals also rejected other assignments of error directed to the sufficiency of the evidence on the burglary case and the admission of evidence of other similar crimes committed by defendant. Defendant does not seek review of the Court of Appeals rulings on these aspects of the case.

tions accorded the offenses determine whether one is a lesser included offense of another. Since *Weaver* it has been the rule that the determination of whether one offense is a lesser included of another must be based on a strict analysis of the elements of the two offenses.

> [A]ll of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a definitional, not a factual basis.

*State v. Weaver*, 306 N.C. at 635, 295 S.E. 2d at 379.

Turning to the instant case, we note the elements of an attempted rape are (1) "the *intent* to commit the rape and (2) an *overt act* done for that purpose . . . ." *State v. Freeman*, 307 N.C. 445, 449, 298 S.E. 2d 376, 379 (1983). The elements of an assault on a female are (1) an assault (2) upon a female person (3) by a male person (4) who is at least eighteen years old. N.C.G.S. § 14-33 (b)(2).

The Court of Appeals thought the fundamental question in this case was whether the overt act element in attempted rape is legally the same as the assault element in assault on a female. The Court of Appeals concluded it was. We disagree.

The legal definition of the overt act necessary for attempted rape is an act "done for that purpose which goes beyond mere preparation but falls short of the completed offense." *State v. Freeman*, 307 N.C. at 449, 298 S.E. 2d at 379. The legal definition of an assault in the crime of assault on a female is "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." *State v. Jeffries*, 57 N.C. App. 416, 291 S.E. 2d 859, *disc. rev. denied and appeal dismissed*, 306 N.C. 561, 294 S.E. 2d 374 (1982).

Obviously these two definitions are not equivalent in law. The element of assault in assault on a female is not legally the same as the overt act in an attempted rape. Thus the crime of as-

sault on a female contains an element, the assault, which is not contained in the crime of attempted second degree rape.

In reaching its decision the Court of Appeals, while acknowledging the *Weaver* definitional test as the proper one to apply, actually applied a factual test. This is evident from this passage in the Court of Appeals opinion:

> As a practical matter, we cannot conceive of any act which would constitute a step in a direct movement toward a rape and which would in the ordinary course of events result in a consummated rape which would not put a person of reasonable firmness in apprehension of such immediate bodily harm.

*State v. Wortham*, 80 N.C. App. at 58, 341 S.E. 2d at 79. The Court of Appeals thus concluded that because in fact the overt act required for attempted rape must always amount to an assault, the overt act element in attempted rape is the same as the assault element in assault on a female.

We need not decide whether as a factual matter, or as the Court of Appeals put it, "as a practical matter," the overt act required for attempted rape must always amount to an assault. Under *Weaver* this is not the proper test. The question is whether the legal definitions of the two elements are the same. As we have demonstrated, they are not.

The crime of assault on a female also includes two other elements which are not present in the crime of attempted rape. They are that the defendant in the crime of assault on a female must be first, a male person, and second, at least eighteen years old. These are not elements of the crime of attempted rape.

We conclude that assault on a female is not a lesser included offense of attempted second degree rape because the assault offense contains essential elements which are not contained in the attempted rape offense.

In reaching its decision on the lesser included offense issue the Court of Appeals relied in part on *State v. Freeman*, 307 N.C. 445, 298 S.E. 2d 376 (1983). In *Freeman* defendant was indicted for first degree burglary and attempted second degree rape. He was convicted of first degree burglary and assault on a female. On his appeal he raised no assignment of error relating to his conviction

of assault on a female; all assignments of error were instead directed to his first degree burglary conviction. Although the Court stated in *Freeman* that "as to defendant's trial on [assault on a female] we find no error," *id.* at 451, 298 S.E. 2d at 380, defendant had not assigned error to this aspect of his trial. The question we now address, therefore, was not presented for our consideration in *Freeman.* Insofar, however, as the result in *Freeman* in the assault on a female conviction conflicts with our decision today in the lesser included offense issue, the *Freeman* result is disapproved.

Assault on a female not being a lesser included offense of attempted second degree rape for which defendant was indicted and defendant not having been otherwise charged with such an assault, the trial court had no jurisdiction to try, convict or sentence defendant for that offense. The result is that the Court of Appeals decision to the contrary on this point is reversed. Defendant's conviction of assault on a female is vacated. The case is remanded to the Court of Appeals for further remand to the Superior Court of Cumberland County for the purpose of resentencing defendant on his first degree burglary conviction, which has become final. Defendant is entitled to be present and be heard at the sentencing procedure.

[2]  In choosing to remand the burglary conviction for resentencing, we are not inadvertent to *State v. Daniels*, 300 N.C. 105, 265 S.E. 2d 217 (1980).[2] In *Daniels*, defendant was convicted of involuntary manslaughter and armed robbery. The trial court consolidated the convictions for judgment and imposed a life sentence. This Court on appeal reversed the involuntary manslaughter conviction for insufficiency of the evidence to support it. It found no error, however, "in the trial of the armed robbery case and in the judgment entered." *Id.* at 116, 265 S.E. 2d at 223. Noting that the trial court could have sentenced defendant to a term of not less than seven years nor more than life imprisonment upon the armed robbery conviction standing alone, the Court said:

---

2. *Daniels* was followed in *State v. Fie*, 80 N.C. App. 577, 343 S.E. 2d 248 (1986), and *State v. Christopher*, 58 N.C. App. 788, 295 S.E. 2d 487 (1982). Because of reasons given *infra* in text, neither *Daniels, Fie* or *Christopher* should be considered authoritative on whether the case should be remanded for resentencing.

"Because of the verdicts rendered by the jury, the armed robbery charge became the dominant charge. For the purpose of sentencing, the court consolidated the charges and imposed a sentence of life imprisonment. It is self-evident that the single sentence imposed was within the parameters of the punishment authorized for the crime of armed robbery."

*Id.* at 115-16, 265 S.E. 2d at 223.

Suffice it to say that *Daniels* was a pre-Fair Sentencing Act case. Under the Fair Sentencing Act, our appellate courts have more supervision over sentencing judgments of the trial divisions than they did before the Act. *See, e.g., State v. Parker,* 315 N.C. 249, 337 S.E. 2d 497 (1985); *State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983).

Since it is probable that a defendant's conviction for two or more offenses influences adversely to him the trial court's judgment on the length of the sentence to be imposed when these offenses are consolidated for judgment, we think the better procedure is to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated.

Reversed in part.

Remanded for resentencing.