STATE OF NORTH CAROLINA v. BRUCE BAGLEY

No. 637PA86

(Filed 2 December 1987)

**1. Criminal Law § 34.8— sexual offense—evidence of subsequent offense—relevancy**

In a first degree sexual offense case, testimony by a witness that defendant had attempted to commit a sexual offense against her some ten weeks after the offense for which defendant was on trial was relevant and admissible as tending to prove the defendant's *modus operandi*, motive, intent, preparation and plan where a strikingly similar licking *modus operandi* was attributed to defendant by both women. Furthermore, for the limited purposes for which such testimony was admitted, the incident with the witness was not so remote that evidence of it should have been excluded under the Rule 403 balancing test. N.C.G.S. § 8C-1, Rule 404(b).

State v. Bagley

**2. Criminal Law § 89.3— corroboration—prior consistent statements**

A detective's testimony that a witness had made statements to him similar to those she made in her testimony at trial was admissible to corroborate the witness's trial testimony.

**3. Criminal Law § 85.5— subsequent crime—cross-examination of defendant**

Cross-examination of defendant regarding a sexual offense which occurred ten weeks after the offense for which defendant was on trial was not improper under Rule of Evidence 608(b) where evidence of defendant's commission of the other offense was admissible to show his intent, plan, and *modus operandi.*

**4. Rape and Allied Offenses § 6.1— first degree sexual offense—assault on female not lesser-included crime**

The trial court in a first degree sexual offense case did not err in failing to instruct the jury concerning a possible verdict of guilty of assault on a female since the crime of assault on a female has at least three elements not included in the crime of first degree sexual offense and cannot be a lesser included offense of first degree sexual offense.

**5. Rape and Allied Offenses § 6.1— first degree sexual offense—instructions on attempted sexual offenses not required**

The trial court in a first degree sexual offense case was not required to instruct on attempted first or second degree sexual offense where the State's evidence tended to show a completed sexual offense against the will of the victim and defendant's evidence was that any sexual act he committed or attempted with the victim was entirely consensual.

**6. Rape and Allied Offenses § 6.1— first degree sexual offense—failure to instruct on assault—no plain error**

Failure of the trial court in a first degree sexual offense case to instruct the jury on the lesser offenses of assault with a deadly weapon and simple assault did not constitute plain error.

**7. Rape and Allied Offenses § 6— definition of deadly weapon—instruction not plain error**

Assuming arguendo that the trial court in a first degree sexual offense case erred by defining a dangerous or deadly weapon as one "capable" of causing death or great bodily harm rather than one "likely" to cause such harm, such error was not harmful to defendant and was not plain error where the trial court would have been correct on the evidence in the case in declaring the knife to be a deadly weapon as a matter of law.

**8. Rape and Allied Offenses § 6— first degree sexual offense—instructions on use of superior strength—no plain error**

The trial court in a first degree sexual offense case did not commit plain error by stating at one point in its instructions that the jury could consider whether defendant engaged in the sexual act charged "and that he did so by the use of force or threat of force and by use of a knife *or superior strength*" where the court's instructions, when read in their entirety, clearly informed the jury that it must find that defendant employed or displayed a dangerous

or deadly weapon in order to convict him of first degree sexual offense and did not permit a conviction upon a finding that the sexual act was committed by use of defendant's superior strength without the use of a deadly weapon.

**9. Rape and Allied Offenses § 6— second degree sexual offense—instruction on use of force—no plain error**

　　The trial court's instruction that the jury could convict defendant of second degree sexual offense if it found he had committed the sexual act by force "sufficient to overcome any resistance which she might make—he might also have accomplished it by putting her in fear, if you find that to be so—and this was sufficient to overcome any resistance which [the victim] . . . might make" did not permit the jury to convict defendant under a constructive force theory without finding that he had posed "a threat of serious bodily harm which reasonably induced fear thereof" and did not constitute plain error.

　　Chief Justice Exum dissenting.

ON writ of certiorari to review a judgment of life imprisonment entered by *Bailey, J.,* at the 10 September 1984 Criminal Session of Superior Court, DURHAM County. Heard in the Supreme Court on 10 September 1987.

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

*Thomas F. Loflin, III, for the defendant-appellant.*

MITCHELL, Justice.

The defendant contends on appeal that the trial court erred in permitting the State to introduce evidence tending to show that he committed a separate sexual offense unrelated to the first-degree sexual offense for which he was on trial and in instructing the jury with regard to such evidence. He also argues that the trial court erred in failing to permit the jury to consider verdicts for certain lesser included offenses. The defendant further argues, *inter alia,* that the trial court committed "plain error" in its instructions to the jury. We find no error.

The defendant was tried upon a proper indictment for first-degree sexual offense. The jury returned a verdict finding the defendant guilty as charged of first-degree sexual offense in violation of N.C.G.S. § 14-27.4. The trial court entered judgment sentencing the defendant to the mandatory sentence of life imprisonment. The defendant gave notice of appeal to this Court. On 12 September 1984, the trial court appointed the defendant's trial

counsel to represent him on appeal. Counsel failed to perfect the appeal, however, and on 3 October 1986, the Superior Court, Durham County removed him as attorney for purposes of perfecting this appeal. At the same time, Thomas F. Loflin, III, was appointed as attorney of record for the defendant for the purpose of seeking appellate review of the defendant's trial and conviction. He immediately filed a petition for writ of certiorari on the defendant's behalf, which was allowed by this Court on 5 November 1986.

The evidence for the State tended to show, *inter alia*, that on 26 March 1984, the victim, an adult female, met the defendant Bruce Bagley while playing a video game at a place called "Go-Speedio." The defendant requested that she give him a ride to the North Hyde Park area of Durham, and she complied. On the way, she stopped at a 7-11 store where the defendant bought seventy-three cents worth of gas which he pumped into her station wagon. When the victim and the defendant arrived at a house pointed out by the defendant as their destination, the defendant grabbed the victim around the neck and pulled a knife. The victim and the defendant scuffled, and the victim was cut on the hand. The defendant used graphic terms in telling the victim that he did not want to hurt her but only wanted to perform cunnilingus upon her. Fearing the defendant would hurt her further with the knife, the victim stopped struggling. At that point, the defendant performed cunnilingus upon her against her will.

The victim told the defendant they would have more room in the back seat of the station wagon. She testified that she did this in the hope that she could escape if they got out of the vehicle. The victim and the defendant then got in the back seat. In order to make more room, the defendant took the spare tire from the rear of the station wagon and put it in the front seat. At that point, the prosecutrix took the opportunity to unlock her door and escape, although the defendant grabbed for her and cut her on the foot.

The victim went to a house nearby and remained there for about five minutes while she told the residents what had occurred. She then went back to her vehicle accompanied by the man of the house. From there she drove to a 7-11 store and called the police.

The State also introduced evidence tending to show that the defendant had attempted to commit a similar sexual offense against Foster on 10 June 1984. The defendant chased her until she fell. He told her that he had a knife and wanted to commit cunnilingus upon her, but he fled when other men came to the scene.

The defendant offered evidence in the form of his own testimony. He testified that he and the victim left "Go-Speedio's" to "get high" at a friend's house. After making the gasoline purchase, the defendant asked the victim to have sex with him. He paid her $20.00 which she put "down in her top." They then drove to the defendant's friend's house, but the friend was not home.

The defendant testified that the victim agreed to engage in sex with him. When asked by his trial counsel if he did anything of a sexual nature to the victim, the defendant testified that "we's foreplayin', kissin', and whatnot, and when we got ready to get in the back seat, she just started actin' funny. So, that's—that's when I took my money back." The defendant testified that the victim offered no resistance until they got in the back seat. At that point she acted as though she did not want to touch him and said she had to go. The defendant put his hand in her blouse and got his money. She then got out of the car and was "raisin' hell" and called the defendant "some names."

The defendant denied that he had any weapon. He admitted kissing the victim on her legs and thigh, but denied committing cunnilingus upon her. He said that the only threat he made of any kind was to tell the victim: "Give me my money back, bitch." The defendant also denied having ever seen the witness Foster or knowing anything about the attempted sexual offense against her, which she described as occurring after the offense for which the defendant was on trial.

[1] The defendant first assigns as error the trial court's action in overruling his motion *in limine* and admitting into evidence testimony of the witness Foster that the defendant had attempted to commit a sexual offense against her some ten weeks after the offense for which the defendant was on trial. This assignment is without merit.

The defendant first argues in support of this assignment that the evidence was not admissible under N.C.G.S. § 8C-1, Rule 404(b)—North Carolina Rules of Evidence—to show identity of the defendant as the perpetrator of the offense charged. Because identity was not at issue, the defendant is correct in asserting that the challenged testimony was not admissible for that purpose. We conclude, however, that it was admissible under Rule 404(b) for other purposes, and that the trial court properly instructed the jury to limit its consideration of the testimony to those purposes.

The pertinent part of Rule 404 is as follows:

> (b) *Other crimes, wrongs, or acts*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.G.S. § 8C-1, Rule 404(b) (1986).

The list of permissible purposes for which such evidence may be introduced as set forth in the statute *is not exclusive,* and "the fact that evidence cannot be brought within a [listed] category does not necessarily mean that it is inadmissible." *State v. DeLeonardo,* 315 N.C. 762, 770, 340 S.E. 2d 350, 356 (1986). "In fact, as a careful reading of Rule 404(b) clearly shows, evidence of other offenses *is admissible* so long as it is *relevant to any fact or issue* other than the character of the accused." *State v. Weaver,* 318 N.C. 400, 403, 348 S.E. 2d 791, 793 (1986) (quoting 1 *Brandis on North Carolina Evidence* § 91 (2d rev. ed. 1982)) (emphasis added). " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1986). Thus, even though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also "is relevant for some purpose *other than* to show that defendant has the propensity for the type of conduct for which he is being tried."

*State v. Morgan*, 315 N.C. 626, 637, 340 S.E. 2d 84, 91 (1986) (emphasis in original).

More directly to the point, perhaps, "this Court has been markedly liberal in admitting evidence of similar sex offenses by a defendant for the purposes now enumerated in Rule 404(b)." *State v. Cotton*, 318 N.C. 663, 666, 351 S.E. 2d 277, 279 (1987) (identity). Such evidence is relevant and admissible under Rule 404(b) if the incidents are sufficiently similar and not too remote.

The question before us, then, is whether the testimony of the witness Foster was relevant to some fact or issue other than the character of the defendant. We conclude that it was, and that it was properly admitted by the trial court.

In the present case, the evidence tended to show that the defendant approached the victim in the early morning hours and asked her to give him a ride to Hyde Park. Once they arrived there, the defendant grabbed the victim, pulled a knife from his pocket and stated repeatedly, "[y]ou see this knife, you see this knife; I want you to be stayed still." The defendant took off the victim's shoes and panties and began "messing" with her legs by kissing and licking them. He told the victim he was not going to hurt her and said: "The only thing I want to do is eat your pussy." He then performed cunnilingus upon her.

Foster's testimony as to the defendant's other crime, wrong, or act tended to show that the defendant accosted her in the Hyde Park area. He had something yellow and pointed in his hand, but she could not tell whether it was a knife. She fled the defendant until she fell, at which point he caught her and held her down. She testified that: "He was lickin' me. I said wait a minute, hold it. I was tryin' to talk this fool off of me, you know, and he—kept sayin', I got—I got a knife." He then told her to pull her pants down and said "all I want to do is eat you, . . . ." He continued to emphasize that he had a knife. At that time, some other men arrived at the scene, and the defendant fled.

Although the evidence indicated that the incident with Foster occurred some ten weeks after the incident with the victim in this case, we conclude that the remarkably odd and strikingly similar licking *modus operandi* attributed to the defendant by both women rendered Foster's testimony relevant and admis-

sible as tending to prove the defendant's *modus operandi*, motive, intent, preparation and plan. *See generally State v. Cotton*, 318 N.C. 663, 351 S.E. 2d 277. This is particularly true where the evidence was offered only for such purposes, and not for the purpose of establishing the defendant's identity as the perpetrator of the crime charged. We conclude that, for the limited purposes for which the contested evidence was admitted here, the incident with Foster was not so remote that evidence of it should have been excluded under the Rule 403 balancing test. Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court, and it will not be reversed absent an abuse of that discretion. *State v. Cotton*, 318 N.C. at 668, 351 S.E. 2d at 280.

There was no abuse of discretion by the trial court in the present case. This is particularly apparent in light of the trial court's following instructions to the jury:

> Evidence has been received in this case tending to show that another person has charged this defendant with a similar crime; that is an attempt to engage in a sex act with her against her will. You will recall that when this evidence was admitted, I limited its effects. You may consider this evidence for two purposes only: (1) As to whether or not the defendant had the intent, which is a necessary element of the crime charged in this case; and (2) whether or not there existed in the mind of this defendant a plan, scheme, system, or design involving the crime charged in this case.

In the present case, as we stated in *State v. Gordon*, 316 N.C. 497, 505, 342 S.E. 2d 509, 513-14 (1986):

> While it is true that the evidence was prejudicial to the defendant—as is true of most of the prosecution's evidence against a defendant—it cannot be said that it was *unfairly* prejudicial. The testimony was not unduly cumulative nor grossly shocking. Also, the trial judge gave a proper limiting instruction to the jury regarding this evidence.

We conclude that the trial court did not err in the present case by admitting the testimony of Foster concerning the defendant's similar crime, wrong, or act against her. This assignment of error is overruled.

[2]   The defendant next assigns as error the action of the trial court in permitting Detective Calvin Henry Smith to testify as to statements made to him by the witness Foster during his investigation of the crime for which the defendant was on trial. Detective Smith testified, in essence, that the witness had made statements to him similar to those she made in her testimony in the trial of this case. The defendant's counsel on appeal candidly recognizes in his brief that such testimony by Smith was admissible to corroborate Foster's testimony, if her testimony was properly admitted. The gist of appellate counsel's argument against the admissibility of Smith's testimony is that it compounded the trial court's error in admitting Foster's testimony concerning the defendant's attack upon her. As we have concluded that her testimony was properly admitted, we overrule this assignment of error.

[3]   The defendant next assigns as error the action of the trial court in allowing the prosecutor to cross-examine the defendant regarding the incident described by Foster in her testimony. The defendant argues in support of this assignment that such cross-examination was improper under N.C.G.S. § 8C-1, Rule 608(b) which requires that a prior act of misconduct be probative of truthfulness or untruthfulness in order to be admissible for purposes of impeaching the witness. Although it is true that the cross-examination in question would not have been proper under Rule 608(b) for purposes of testing the veracity of the defendant-witness, such considerations are irrelevant to a determination of whether cross-examination concerning crimes, wrongs, or acts by the defendant is proper as tending to show his intent, plan, scheme, design, or *modus operandi. State v. Morgan*, 315 N.C. 626, 340 S.E. 2d 84. Where evidence of such other crimes, wrongs, or acts by the defendant is otherwise admissible, it properly may be inquired into upon cross-examination of the defendant. This assignment of error is overruled.

Appellate counsel for the defendant next assigns as error the failure of the trial court to instruct the jury as to various offenses which he contends were supported by evidence and are lesser included offenses of first-degree sexual offense. The trial court instructed the jury with regard to possible verdicts finding the defendant guilty of first- or second-degree sexual offense or not guilty. Counsel at trial only requested in this regard that the trial

court instruct the jury "on attempted act and assault on a female." The trial court did not err in failing to give instructions in accord with this request.

[4]   We first address the trial court's failure to instruct the jury concerning a possible verdict of guilty of assault on a female. The determination of whether one offense is a lesser included offense of another must always be made on a definitional as opposed to a factual basis. *State v. Weaver*, 306 N.C. 629, 635, 295 S.E. 2d 375, 378 (1982). "If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense." *Id.*, 295 S.E. 2d at 379. In order for a defendant to be convicted of assault on a female, the evidence must establish, *inter alia*, that the victim is a female, that the defendant is a male, and that he is at least eighteen years of age. N.C.G.S. § 14-33(b)(2) (1986). To convict for first-degree sexual offense, however, it need not be shown that the victim is a female, that the defendant is a male, or that the defendant is at least eighteen years of age. N.C.G.S. § 14-27.4 (1986). Therefore, the crime of assault on a female has at least three elements not included in the crime of first-degree sexual offense and cannot be a lesser included offense of first-degree sexual offense. *See State v. Weaver*, 306 N.C. at 635, 295 S.E. 2d at 379; *cf. State v. Wortham*, 318 N.C. 669, 351 S.E. 2d 294 (1987) (assault on a female not a lesser included offense of attempted rape). The trial court did not err in failing to instruct the jury concerning the crime of assault on a female.

[5]   For different reasons, the trial court was not required to instruct on attempted first- or second-degree sexual offense. The duty to instruct on a lesser included offense arises only where there is evidence from which the jury reasonably could find that the defendant committed the lesser offense. However, "when all the evidence tends to show that defendant committed the crime charged in the bill of indictment and there is no evidence of the lesser-included offense, the court should refuse to charge on the lesser-included offense." *State v. Summitt*, 301 N.C. 591, 596, 273 S.E. 2d 425, 427, *cert. denied*, 451 U.S. 970, 68 L.Ed. 2d 349 (1981).

Based on the evidence presented in this case, we conclude that the trial court did not err by failing to instruct on attempted first-degree sexual offense. Likewise, even if it is assumed that trial counsel requested an instruction on attempted second-degree

sexual offense, the trial court did not err in failing to give the requested instruction. The State's evidence tended to show a completed sexual offense against the will of the victim. The defendant's evidence was that any sexual act he committed or attempted with the victim was entirely consensual. Thus, even if the jury had believed the defendant's testimony, it could not properly have found an attempted sexual offense of either the first or second degree. If the State's evidence in the present case was believed by the jury, the defendant was guilty of first-degree sexual offense. If the defendant's testimony that the victim consented was believed, the defendant was not guilty of first-degree or second-degree sexual offense or of an attempt to commit either of those crimes. N.C.G.S. §§ 14-27.4 and 27.5 (1986). Further:

> The mere possibility that the jury might believe part but not all of the testimony of the prosecuting witness is not sufficient to require the Court to submit to the jury the issue of the defendant's guilt or innocence of a lesser offense than that which the prosecuting witness testified was committed.

*State v. Lampkins*, 286 N.C. 497, 504, 212 S.E. 2d 106, 110 (1975), *cert. denied*, 428 U.S. 909, 49 L.Ed. 2d 1216 (1976). The trial court did not err by failing to instruct on either attempted first-degree or attempted second-degree sexual offense.

[6] Appellate counsel additionally argues in support of this assignment of error, that the trial court erred in failing to instruct the jury with regard to possible verdicts of guilty of assault with a deadly weapon and simple assault. As counsel at trial failed to request such instructions and did not object to the instructions given, however, our review is limited to the question of whether the trial court committed "plain error" in this regard. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). We cannot say on the record before us in this case that the purported error of the trial court in failing to instruct on assault with a deadly weapon and simple assault was error so fundamental that it "tilted the scales" and caused the jury to reach its verdict convicting the defendant. Therefore, we cannot conclude that the trial court committed plain error. *State v. Walker*, 316 N.C. 33, 340 S.E. 2d 80 (1986); *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983). This assignment of error is overruled.

Appellate counsel for the defendant next assigns as error the trial court's instructions to the jury with regard to the incident involving the witness Foster. Appellate counsel does not argue that the substance of the instructions was incorrect; rather, he argues that no instructions concerning the testimony of Foster should have been given, because her testimony should have been excluded. For the reasons previously discussed herein, we overrule this assignment of error.

Appellate counsel for the defendant also assigns as error several isolated statements of the trial court during its instructions to the jury. Appellate counsel has been commendably diligent in meeting his obligation under *State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983), to inform this Court on appeal that no objection to these portions of the instructions was made by trial counsel. Since no objection was raised at the trial level, our review of these assignments is limited to a consideration of whether "plain error" occurred. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375. We will briefly address the defendant's assignments.

[7] The defendant argues that the trial court erred by instructing the jury that, in order to be considered a deadly weapon, the knife in the present case need not have been certain to cause death or serious bodily injury, "just capable of doing it." The defendant is correct in contending that a dangerous or deadly weapon is "generally defined as any article, instrument or substance which is *likely* to produce death or great bodily harm." *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E. 2d 719, 725 (1981) (emphasis added). We conclude, however, that the trial court would have been correct on the evidence in the present case in declaring the knife, as used according to the evidence, to be a deadly weapon as a matter of law. *State v. Torain*, 316 N.C. 111, 340 S.E. 2d 465, *cert. denied*, --- U.S. ---, 93 L.Ed. 2d 77 (1986); *State v. Sturdivant*, 304 N.C. at 301, 283 S.E. 2d at 725; *State v. Wiggins*, 78 N.C. App. 405, 407, 337 S.E. 2d 198, 199 (1985). Therefore, even assuming *arguendo* that the trial court erred by defining a dangerous or deadly weapon as one "capable" of causing death or great bodily harm rather than one "likely" to cause such harm, the error was not harmful to the defendant and clearly was not "plain error."

[8] Appellate counsel for the defendant next argues that the trial court erred by stating at one point in its instructions to the jury that it should consider whether the defendant engaged in the sexual act charged "and that he did so by the use of force or threat of force and by use of a knife *or superior strength* . . . ." (emphasis added). The defendant argues that this instruction permitted the jury to convict the defendant of first-degree sexual offense if it believed the sexual act had been committed by force and against the will of the prosecuting witness by the use of the defendant's superior strength but without the use of a weapon. We conclude that the quoted portions of the instructions did not mislead the jury. The instructions, when read in their entirety, indicate that the trial court clearly and repeatedly instructed the jury that, in order to convict the defendant of first-degree sexual offense, they must find that he committed the sexual act by force and against the victim's will while he employed or displayed a dangerous or deadly weapon. Therefore, the instructions were sufficient in this regard, and no "plain error" was committed.

[9] Appellate counsel for the defendant also argues that the trial court's instructions to the jury relative to the lesser included offense of second-degree sexual offense were erroneous. He excepts to a part of the instructions to the effect that the jury could convict the defendant for second-degree sexual offense if it found he had committed the sexual act charged by force "sufficient to overcome any resistance which she might make—he might also have accomplished it by putting her in fear, if you find that to be so— and this was sufficient to overcome any resistance which [the victim] . . . might make . . . ." The defendant argues, in essence, that this instruction permitted the jury to convict him under a constructive force theory without finding that he had posed "a threat of serious bodily harm which reasonably induce[d] fear thereof." *State v. Locklear*, 304 N.C. 534, 539, 284 S.E. 2d 500, 503 (1981). We do not agree. Having carefully reviewed the briefs of counsel and the instructions of the trial court in their entirety, we detect no "plain error" so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached. *See State v. Walker*, 316 N.C. 33, 340 S.E. 2d 80; *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375. Therefore, the assignments concerning the

instructions which were given without objection are without merit and are overruled.

We hold that the defendant's trial was free of reversible error.

No error.

Chief Justice EXUM dissenting.

Believing that evidence of the Foster incident was improperly admitted and unfairly prejudiced defendant, I respectfully dissent and vote for a new trial.

The majority concedes this evidence was not admissible to prove defendant's identity as the perpetrator of the crime because identity was not at issue. I agree and can find no other basis upon which the evidence was properly admitted.

The majority says the evidence was admissible to prove a similar *modus operandi*, motive, intent, preparation and plan. I disagree. It is, of course, proper to prove that two crimes were committed with the same or similar *modus operandi* and defendant committed one of the crimes in order to prove that defendant was the perpetrator of the other crime for which he is being tried. The justification for admitting such evidence rests on proving identity. Where identity is not in issue there is no justification for admitting the evidence on this theory.

Motive and intent are no more at issue in this case than identity. First degree sexual offense requires neither motive nor specific intent. Thus there is no justification for admitting the evidence to show these things.

It is also permissible to prove that defendant planned or prepared to commit a crime in order to prove that he committed it. Such a plan or preparation must occur, however, before the crime has been committed. The Foster incident occurred some ten weeks *after* the incident for which defendant was being tried. It could not  have been evidence that defendant planned or prepared to commit the crime for which he was being tried.