STATE OF NORTH CAROLINA v. ODELL R. HILL

No. 8212SC226

(Filed 19 October 1982)

1. **Crime Against Nature § 4— crime against nature as lesser included offense of first degree sexual offense**

    In a prosecution for a first degree sexual offense, the trial court did not err in submitting as a lesser included offense the charge of crime against nature since it was apparent that the first degree sexual offense for which the defendant was tried involved the penetration of the prosecuting witness's genital opening which is one of the sexual acts listed under G.S. 14-27.1(4) and since penetration is required in order to convict someone of a crime against nature under G.S. 14-177.

2. **Crime Against Nature § 4— prosecution for first degree sexual offense—no prejudicial error in submission of crime against nature charge**

    Where the prosecuting witness testified that she was held by two persons while the defendant committed a sexual act, and the defendant testified that there was no sex act, there was no reason to believe that the submission of a crime against nature charge to the jury kept the jury from considering the defendant's evidence or contentions which were that he did not commit any sexual act with the defendant at the time in question.

APPEAL by defendant from *Farmer, Judge.* Judgment entered 19 August 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 23 September 1982.

The defendant was tried for a first degree sexual offense in violation of G.S. 14-27.4. The State's evidence tended to show that on 23 March 1981 two persons held the prosecuting witness while the defendant undressed her and inserted his tongue in the prosecuting witness's vagina. The defendant testified that he was with the prosecuting witness on 23 March 1981, that no one removed any of her clothes, and that he did not have any sexual contact with her.

The court submitted to the jury possible verdicts of guilty of first degree sexual offense, second degree sexual offense, crime against nature, assault on a female, or not guilty. The defendant was convicted of a crime against nature.

The defendant appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

WEBB, Judge.

[1]   The defendant first assigns error to the court's submitting to the jury the charge of crime against nature. He argues that a crime against nature is not a lesser included offense of a first degree sexual offense for which he was tried. If a person is indicted for an offense, he may be convicted of that offense or any lesser included offense if proof of the crime for which he was indicted would prove every element of the lesser offense. If the lesser offense requires proof of an element for conviction which is not required for conviction of the crime for which the defendant is indicted, the defendant may not be convicted for the lesser offense whatever the proof may show as to the greater offense. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981). The defendant, relying on *State v. Ludlum*, 303 N.C. 666, 281 S.E. 2d 159 (1981), argues that a crime against nature is not a lesser included offense of a first degree sexual offense because to prove a crime against nature, it is necessary to prove a penetration, and it is not necessary to prove a penetration to convict of a first degree sexual offense. It was held in *Ludlum* that a person could be convicted of the first degree sexual offense involving cunnilingus without proving a penetration. Proof of penetration is required in order to convict of a crime against nature under G.S. 14-177. *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961).

We might agree with the defendant if a cunnilingus were the only sexual act which is subject to being a first degree sexual offense. G.S. 14-27.1(4) provides:

(4)  "Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes.

G.S. 14-27.4 provides in part:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

\*      \*      \*

(2) With another person by force and against the will of the other person, and:

\*      \*      \*

c. The person commits the offense aided and abetted by one or more other persons.

G.S. 14-27.1(4) defines several sexual acts. G.S. 14-27.4 makes the commission of these acts first degree sexual offense if done under certain circumstances. One of the sexual acts proscribed by the statute is "the penetration, however slight, by any object into the genital . . . opening of another person's body." The indictment in this case did not specify the type of sexual act for which the defendant was to be tried. This is proper under G.S. 15-144.2. The defendant did not move for a bill of particulars. It is apparent that the first degree sexual offense for which the defendant was tried involved the penetration of the prosecuting witness's genital opening which is one of the sexual acts listed under G.S. 14-27.1(4). The prosecuting witness testified there was a penetration. The court charged the jury they would have to be satisfied there was a penetration before they could convict the defendant of a first degree sexual offense. In order to obtain a conviction of a first degree sexual offense in this case, it was necessary for the State to prove a penetration, which is an element of a crime against nature. The crime against nature was a lesser included offense of the first degree sexual offense for which the defendant was tried in this case, and it was not error to submit the crime against nature to the jury. The defendant's first assignment of error is overruled.

[2]  In his second assignment of error the defendant argues that it was prejudicial error to submit the crime against nature to the jury because all the evidence showed it was either a forcible sex act or there was no sex act. The prosecuting witness testified that she was held by two persons while the defendant committed the act. The defendant testified there was no sex act. He argues that the jury had to find him guilty of a first degree sexual offense or not guilty. Ordinarily, the submission of a lesser offense

is harmless error when all the State's evidence shows a greater offense. The defendant, relying on *State v. Ray*, 299 N.C. 151, 261 S.E. 2d 789 (1980), argues that there was prejudicial error in this case. In *Ray* it was held to be prejudicial error to submit involuntary manslaughter to the jury when the defendant relied on self-defense to the greater degrees of homicide, and there was no evidence of involuntary manslaughter. The Supreme Court held that on the facts of that case there was a reasonable possibility that the jury would have found the defendant not guilty if involuntary manslaughter had not been submitted. It based its holding on the definition in the charge of involuntary manslaughter as an intentional act for which self-defense was not an excuse. The Supreme Court said this could have short-circuited the jury's consideration of self-defense. *See State v. Cason*, 51 N.C. App. 144, 275 S.E. 2d 221 (1981). In this case, there is no reason to believe that the submission of crime against nature kept the jury from considering the defendant's evidence or contentions which were that he did not commit any sexual act with the defendant at the time in question. If it was error to submit the charge of crime against nature, it was error favorable to the defendant. The defendant's second assignment of error is overruled.

In his third assignment of error, the defendant asks us to reconsider our holding in *State v. Poe*, 40 N.C. App. 385, 252 S.E. 2d 843, *cert. denied*, 298 N.C. 303, 259 S.E. 2d 304 (1979), *cert. denied*, 445 U.S. 947, 100 S.Ct. 1593, 63 L.Ed. 2d 782 (1980) and hold that G.S. 14-177 is unconstitutional. This we decline to do.

No error.

Judges HEDRICK and HILL concur.