STATE OF NORTH CAROLINA v. JIMMY RAY WARREN

No. 676PA82

(Filed 7 September 1983)

**1. Searches and Seizures § 23— search of automobile—probable cause shown in affidavit**

In a prosecution for second degree murder and crime against nature, the trial court properly denied defendant's motion to suppress the results of a visual search and chemical tests performed on bloodstains in the car in which he and his accomplices were riding on the night of the murder since the affidavit in support of the search warrant provided a reasonable basis to believe that bloodstains might be found in or on the car as well as on defendant's clothing, and that the evidence sought would aid in the apprehension or conviction of the offender.

**2. Searches and Seizures § 39— second search of vehicle—several days following execution of warrant**

In a prosecution for murder, the trial court properly admitted evidence from a second visual search and chemical test on bloodstains in an automobile since (1) samples of the bloodstains were obtained from the vehicle that had been seized and stored, (2) as a general rule, "second looks" at items do not constitute additional searches subject to Fourth Amendment proscriptions, (3) defendant "specifically declined to come forward with any evidence of ownership or possession" of the automobile, and (4) defendant showed no prejudice in the admission of the evidence.

**3. Homicide § 23— instructions—summary of evidence—no plain error**

Where the trial judge instructed that "the State . . . says and contends that the defendant is guilty of first degree murder with malice, deliberation and premeditation. The defendant says he is not guilty." and where the defendant made no objection to this portion of the instructions, the Court found no plain error.

**4. Homicide § 23.1— jury returning for additional instructions—failure to reexplain imperfect self-defense—no error**

Where the jury, after deliberating for some time, returned to ask the judge to define second degree murder, voluntary manslaughter, and involuntary manslaughter, where the trial judge reinstructed on those offenses, and defendant did not object, the trial judge did not err by failing to reinstruct on the relationship between imperfect self-defense and voluntary manslaughter.

**5. Crime Against Nature § 4— instruction that crime against nature lesser offense of second degree sexual offense—error**

The trial court erred by submitting crime against nature as a lesser included offense of second degree sexual offense. G.S. 14-177 and G.S. 14-27.4.

DEFENDANT appeals pursuant to G.S. 7A-31 from a decision of the Court of Appeals, reported at 59 N.C. App. 264, 296 S.E. 2d

671 (1982), finding no error in his convictions of second degree murder and crime against nature. Judgments were entered by *Smith, J.*, at the 11 May 1981 Criminal Session of WAKE County Superior Court.

The charges against the defendant arose out of the 29 November 1980 murder of Byron Montizel Clarke. At trial Ray Lee Bost testified that he, the defendant, and defendant's brother Charles were driving through Raleigh on the night of the murder when they picked up the victim, a male, who was dressed as a female. The victim allegedly gave "samples" of sex to the defendant and Charles after the four had driven to the dead end of Raleigh Beach Road. Bost testified that the defendant then forced the victim from the car at gunpoint and ordered the victim to perform fellatio on Charles Warren, during the course of which defendant shot the victim in the head and then beat him.

Defendant testified that after they reached Raleigh Beach Road he left the car and when he returned he found the victim performing oral sex on Charles who was, at that time, asleep in the back seat of the car. Defendant pulled the victim out of the car, a struggle ensued and the gun discharged. Although defendant admitted pointing the gun at the victim's head, he testified that he believed that the gun was not loaded.

Additional facts necessary to a determination of the issues will be discussed where applicable.

*Rufus L. Edmisten, Attorney General, by Robert L. Hillman, Assistant Attorney General, for the State.*

*Marc D. Towler, Assistant Appellate Defender, for defendant-appellant.*

FRYE, Justice.

Defendant challenges the process of death qualifying the jury and assigns as error the trial court's denial of his motion for a separate trial jury and a separate sentencing jury. This Court has consistently rejected defendant's contentions. *See State v. Kirkley,* 308 N.C. 196, 302 S.E. 2d 144 (1983) and cases cited therein. *See also State v. Jackson,* 309 N.C. 26, 30 n. 1, --- S.E. 2d ---, --- (1983), where we noted:

Attention is called to *Jones v. Barnes,* --- U.S. ---, --- L.Ed. 2d --- (filed 5 July 1983), in which the Court held that defense counsel assigned to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. As the Court stated, "[a] brief that raises every colorable issue runs the risk of burying good arguments — those that, in the words of the great advocate John W. Davis, 'go for the jugular,' Davis, *The Argument of an Appeal,* 26 A.B.A. J. 895, 897 (1940) — in a verbal mound made up of strong and weak contentions. See generally, *e.g.,* Godbold, *Twenty Pages and Twenty Minutes — Effective Advocacy on Appeal,* 30 Sw. L. J. 801 (1976)." *Id.* at ---, --- L.Ed. 2d at --- (footnote omitted).

[1] Defendant next contends that the trial court erred in denying his motion to suppress the results of a visual search and chemical tests performed on bloodstains in the car in which he, Bost and Charles Warren were riding on the night of the murder. Defendant argues first that the affidavit accompanying the search warrant failed to show probable cause to believe that bloodstains would be found in the car. We disagree.

The affidavit in support of the search warrant stated as follows:

I, Det. Ken E. Dodd, Deputy Sheriff, Wake Co., being duly sworn, hereby request that the court issue a warrant to search the (person) (place) (vehicle) described in this application and to find and seize the items described in this application. There is probable cause to believe that certain property, to wit: Handgun(s), blood spatter clothing, or clothing worn during the commission of the crime, shoes or boots worn, handgun ammunition and other evidence used in the crime. (constitutes evidence of) (constitutes evidence of the identity of a person participating in) a crime, to wit: murder, and the property is located (in the place) (in the vehicle) (on the person) described as follows: vinal [sic] top removed, gray Buick Regal, CB antenna on trunk/with green tennis ball/ brick apts. 3221C Calumet Dr. Raleigh, N.C. Basement Apt. (S/W end), first stairwell, 2nd apt. on the right/ and the person of Jimmy Warren for any conceiled [sic] evidence.

The applicant swears to the following acts to establish probable cause for the issuance of a search warrant: On December 29, 1980 applicant(s) were assigned to investigate the shooting death of Byron Montizel Clarke. The victim was shot and beaton [sic] on the 29th of December, 1980 at approximately 4:00 A.M. A witness to the above described crime (Roy Lee Bost) advised investigators that he was present along with Charles Warren and Jimmy Warren, when the victim was killed. Mr. Bost and the Warren brothers had picked up the victim at Morgan St. and S. Wilmington St. and latter [sic] transported the victim to Raleigh Beach Rd. (AKA — R.P.R. 2216). The victim was forced from the above described vehicle by Jimmy Warren at gunpoint. The victim was then shot at close range in the head and was also beaton [sic] by Mr. Jimmy Warren and left for dead. The victim died from the wound inflicted by Mr. Jimmy Warren.

It was reasonable to believe that bloodstains might be found in or on the car as well as on defendant's clothing, and that the evidence sought would aid in the apprehension or conviction of the offender. *See State v. Jones*, 299 N.C. 298, 261 S.E. 2d 860 (1980).

[2] Defendant further challenges the admissibility of this evidence because a second visual search and resultant chemical tests on bloodstains thereby obtained occurred several days following the execution of the warrant.

In *State v. Nelson*, 298 N.C. 573, 260 S.E. 2d 629 (1979), *cert. denied*, 446 U.S. 929 (1980), this Court held that as a general rule "second looks" at items do not constitute additional searches subject to fourth amendment proscriptions. In *Nelson*, officers were permitted to re-examine property that had been inventoried and stored. In the case *sub judice*, samples of the bloodstains were obtained from a vehicle that had been seized and stored. The fact that bloodstains are later subjected to laboratory analysis does not violate the fourth amendment. *See United States v. Edwards*, 415 U.S. 800, 39 L.Ed. 2d 771 (1974).

Furthermore, as noted by the Court of Appeals, the automobile in question was owned by Carolyn Durham of Goldsboro and, as defendant "specifically declined to come forward with any evidence of ownership or possession" of the automobile, the trial

court was correct in concluding that defendant failed to show a legitimate expectation of privacy. *See State v. Greenwood,* 301 N.C. 705, 273 S.E. 2d 438 (1981); *State v. Jones,* 299 N.C. 298, 261 S.E. 2d 860; *State v. Alford,* 298 N.C. 465, 259 S.E. 2d 242 (1979).

Finally, we find that defendant has shown no prejudice in the admission of this evidence. On this point, defendant attempts to argue that the admission of evidence of bloodstains found in the car was prejudicial "because it may have weighed heavily in the credibility contest between defendant and Roy Bost at trial." To support his argument, defendant provides the following insight:

> Although defendant admitted being in a fight and shooting the victim accidentally during a struggle, defendant testified that he stepped on the victim before he was shot and that he only struck the victim with the gun four times during the struggle. Bost testified that defendant was stomping on the victim and beating him after he had been shot. The likelihood of defendant getting bood [sic] on his shoes or hands and depositing that blood in the car was therefore much more likely under Bost's version of the incident than defendant's. This evidence therefore may have affected the jury's decision as to which man was telling the truth, and the error in admitting the evidence cannot be deemed harmless. Thus, defendant must be awarded a new trial.

We will not engage in hairsplitting hypothesizing. The clear indication is that irrespective of whose version of the events was to be believed, it is likely that the victim's blood would be found in the automobile. The assignment of error has no merit.

[3]  Defendant next assigns error to the trial court's summary of the evidence. As a basis for this alleged error, defendant challenges the following portion of the summary of the parties' contentions:

> Now, ladies and gentlemen, in this case very simply the State of North Carolina says and contends that the defendant is guilty of first degree murder with malice, deliberation and premeditation. The defendant says he is not guilty.

This, defendant argues, gave unequal stress to the contentions of the State by "omitting defendant's contentions of self-defense and accident." Defendant made no objection to this portion of the in-

struction and thereby waived objection. We find no plain error. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). The trial judge fully instructed on self-defense and accident. The assignment of error is without merit.

[4] Defendant argues that the trial court erred "in failing to explain the relationship between imperfect self-defense and voluntary manslaughter in response to a question from the jury after it had retired."

The jury, after deliberating for some time, returned to ask the judge to define second degree murder, voluntary manslaughter, and involuntary manslaughter. Following a fifteen minute recess for discussion in chambers, the trial judge responded:

> Now, with regard to your question that I define for you second degree murder, voluntary manslaughter and involuntary manslaughter, I'm going to give you very brief definitions in an attempt to answer your question as it was asked. And if these instructions are too brief, I would ask please that you come back into the courtroom and I will elaborate further on second degree murder, voluntary manslaughter and involuntary manslaughter.

> Second degree murder is the unlawful killing of a human being with malice but without premeditation and deliberation.

> Voluntary manslaughter is the unlawful killing of a human being without malice and without premeditation and deliberation.

> Involuntary manslaughter is the unintentional killing of a human being by an unlawful act not amounting to a felony or an act done in a criminal negligent way.

> Mr. Foreman, I hope that I have answered the questions that the jury asked. If you need any additional questions asked or any guidance I will be glad to attempt to give it to you to the best of my ability.

Defendant contends that the foregoing deprived him of the benefit of the doctrine of imperfect self-defense. Defendant did not object at trial. We have held that when the jury requests additional instructions on a particular point, the court is not re-

quired to repeat the entire charge to the jury. Should defendant wish further instructions, he must request them at the time. By failing to do so, defendant waives their omission on appeal. *State v. Wilkins*, 297 N.C. 237, 254 S.E. 2d 598 (1979). The jury had earlier been instructed that the element of malice could be negated, reducing the crime to voluntary manslaughter, if the State failed to prove that defendant did not act in self-defense but did prove that defendant was the aggressor or used excessive force. As the jury apparently had no further questions after the trial judge's response to its question, it must be assumed that it followed the trial court's earlier instructions on this particular question. *See State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972), *cert. denied*, 410 U.S. 958, *cert. denied*, 410 U.S. 987 (1973).

[5] Defendant's final assignments of error relate to his conviction of crime against nature, G.S. § 14-177. Defendant was indicted for committing "a sexual offense with Byron Montizel Clarke by force and against the victim's will by forcing the victim to perform fellatio, in violation of G.S. § 14-27.4." The trial court submitted crime against nature as a lesser included offense of second degree sexual offense. This was error.

We see no reason to stain the pages of our reports with an exposition of the sordid details giving rise to defendant's conviction for this crime, or by reviewing the anatomical details explicitly set out in the cases cited by both parties in support of their respective positions. The legal basis for our decision today is fully set forth in *State v. Ludlum*, 303 N.C. 666, 281 S.E. 2d 159 (1981). We have since reaffirmed our position in *Ludlum* by Order in *State v. Hill*, 59 N.C. App. 216, 296 S.E. 2d 17, *judgment arrested*, 307 N.C. 268, 306 S.E. 2d 115 (1982). In *State v. Barrett*, 58 N.C. App. 515, 293 S.E. 2d 896, *judgment arrested*, 307 N.C. 126 (1982), a case also involving the sexual act of fellatio, we foreclosed the issue whether crime against nature can be submitted as a lesser included offense of first (or second) degree sexual offense when we stated by Order that "the record on appeal before us discloses that defendant was convicted of crime against nature, *which is not a lesser included offense of a sexual offense* in the first degree. N.C. Gen. Stat. § 14-27.4 (1981). Therefore, we arrest judgment." (Emphasis added.)

In *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), this Court rejected the argument that the facts of a particular case

should determine whether one crime is a lesser included offense of another. "Rather, the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime." *Id.* at 635, 295 S.E. 2d at 378. Thus, in the case *sub judice,* while there may be evidence of penetration in this particular act of fellatio, the evidence was relevant only as proof of the *anatomical nature* of the sexual offense alleged. It is not a determinative factor in deciding whether crime against nature is a lesser included offense of the sexual offense charged. The Court of Appeals erred in so holding. We arrest the judgment in case number 80CRS71822, defendant's conviction of crime against nature.

Case No. 80CRS71822—Judgment arrested.

Case No. 80CRS67791—Affirmed.