STATE OF NORTH CAROLINA v. HAROLD HOOVER

No. 867SC1084

(Filed 15 March 1988)

**1. Constitutional Law § 51— six years between offense and trial—denial of motion to dismiss proper**

Defendant's right to due process was not violated by the denial of his pretrial motion to dismiss on the ground of passage of six years from the date of the offense to the trial, since the State learned of the alleged crimes six years after they occurred, conducted an investigation, and promptly charged defendant with crime against nature and taking indecent liberties with a child; the delay was reasonable; and there was no evidence that the State deliberately or unnecessarily delayed charging defendant to gain any tactical advantage.

**2. Criminal Law § 15.1— pretrial publicity—no showing of prejudice**

Defendant did not meet his burden of showing that he was prejudiced by pretrial publicity where the charges against defendant arose out of an investigation into an interstate child pornography ring; news accounts were factually correct and did not deny defendant a fair trial; and defendant did not show that he exhausted his peremptory challenges or accepted an objectionable juror.

**3. Criminal Law § 25.2— nolo contendere plea—court's finding of factual basis proper**

There was no merit to defendant's contention that the trial court erred in finding a factual basis for the *nolo contendere* pleas to the charges of sexual activity by a substitute parent and the first count of crime against nature since the prosecutor stated that defendant had participated in the foster parent program for approximately 2½ years; during that time a 15-year-old was defendant's ward; the prosecutor read a statement by the 15-year-old concerning defendant's acts of sexual abuse toward him; and defendant himself testified concerning his foster parentage.

**4. Rape and Allied Offenses § 19— taking indecent liberties with minor—sufficiency of evidence**

Evidence was sufficient to sustain convictions for taking indecent liberties with a child and crime against nature where defendant's own testimony established his age, and one victim testified as to acts of fellatio committed upon him by defendant.

**5. Criminal Law § 138.14— defendant sentenced pursuant to plea arrangement—findings as to aggravating and mitigating factors not required**

The trial judge was not required to make findings of aggravating or mitigating factors where defendant was sentenced pursuant to a plea arrangement.

**6. Constitutional Law § 30— no failure by State to disclose favorable evidence**

There was no merit to defendant's contention that his convictions of taking indecent liberties and crime against nature against a particular individual were obtained in violation of due process in that the State failed to disclose favorable or exculpatory evidence.

**7. Constitutional Law § 51— six years between offense and indictment—no denial of speedy trial**

There was no merit to defendant's contention that the passage of six years from the date of the offense to the date that charges were brought against him violated his constitutional right to a speedy trial, since the speedy trial provision does not extend to the time period prior to arrest.

**8. Constitutional Law § 34— convictions for crime against nature and sexual activity by substitute parent—no double jeopardy**

Defendant was not placed in double jeopardy by convictions for both crime against nature and sexual activity by a substitute parent, since each offense included an element not common to the other, nor was defendant sub-

jected to double jeopardy where he was sentenced both for crime against nature and for taking indecent liberties with a named minor.

### 9. Constitutional Law § 48— effective assistance of counsel

Evidence was sufficient to support the trial court's conclusion that defendant received effective assistance of counsel.

APPEAL by defendant from *Winberry, Judge,* and *Barefoot, Judge.* Judgments entered 28 February 1985 and Order entered 29 October 1987 in Superior Court, WILSON County. Heard in the Court of Appeals 11 January 1988.

Defendant was charged in proper bills of indictment with 1) sexual activity by a substitute parent in violation of G.S. 14-27.7 (84CRS8450), 2) taking indecent liberties with a child in violation of G.S. 14-202.1 (84CRS8451), 3) crime against nature in violation of G.S. 14-177 (84CRS8452) and 4) a second unrelated count of crime against nature (84CRS8453). The charges of taking indecent liberties with a child and one count of crime against nature (84CRS8453) were consolidated for trial.

Evidence was presented tending to show the following facts: Dayton Allen Bryant testified that he was introduced to defendant by Doral Ray Mason in September 1978. Mason met the 13-year-old Bryant at a fair in Cumberland County. On approximately 15 September 1978, Mason took Bryant to his house where Bryant met defendant. Bryant observed Mason and defendant engaged in fellatio and defendant then forced Bryant to participate. Bryant testified that "[defendant] sucked me and made me suck him." When asked what he referred to, Bryant stated "with your lips suck his penis." Bryant also testified that defendant "laid down on top of [him] and put his penis between [his] legs and went up and down and rolling on the floor with [him]."

Defendant testified that he had never met Bryant. He stated that he was out of town at the time the alleged crimes occurred.

The jury found defendant guilty of taking indecent liberties with a child and crime against nature, for which he was sentenced to six years and ten years respectively. Defendant then pleaded *nolo contendere* to sexual activity by a substitute parent and to the first count of crime against nature. Pursuant to a plea arrangement, defendant was sentenced to ten years and six years

respectively to run concurrently with the sentences in the other cases.

This case was originally docketed in this Court on 17 October 1986 and while the appeal was pending, defendant filed a motion for appropriate relief on the grounds of ineffective assistance of counsel and evidence unavailable at trial. On 10 March 1987, this Court ordered the case remanded to the superior court for an evidentiary hearing to resolve factual issues necessary to a determination of defendant's motion for appropriate relief. On 29 October 1987, Judge Barefoot entered an order in which he made findings and conclusions supporting his denial of defendant's motion for appropriate relief. Judge Barefoot's order was filed in this Court on 17 November 1987 and the case was immediately recalendared for hearing. On 2 December 1987, this Court granted defendant's motion to consolidate the appeals from the judgments and the order. From the judgments and order of the trial court, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David Roy Blackwell, for the State.*

*Wayne Eads for defendant appellant.*

ARNOLD, Judge.

Defendant first contends that the trial court erred in denying his pretrial motion to dismiss on grounds of 1) the passage of six years from the date of the offense to the trial, and 2) extensive, inaccurate and prejudicial pretrial publicity.

[1]  "[A] pre-accusation delay violates due process only if the defendant can show that the delay actually prejudiced the conduct of his defense and that it was unreasonable, unjustified, and engaged in by the prosecution deliberately and unnecessarily in order to gain tactical advantage over the defendant." *State v. McCoy,* 303 N.C. 1, 7-8, 277 S.E. 2d 515, 522 (1981).

The State learned of the alleged crimes on 10 September 1984 from Dayton Bryant. After an investigation, the State promptly charged defendant with crime against nature and taking indecent liberties with a child. The delay was reasonable and there is no evidence that the State deliberately or unnecessarily delayed charging defendant to gain any tactical advantage.

[2]  Defendant argues that he suffered pretrial prejudice as a result of inaccurate news accounts. He asserts that the news accounts erroneously linked him to an interstate child pornography ring. Factual news accounts regarding the commission of a crime and the pretrial proceedings do not of themselves deny a defendant a fair trial. *See State v. Gardner*, 311 N.C. 489, 319 S.E. 2d 591 (1984). In order to meet his burden of showing that pretrial publicity precluded him from receiving a fair trial, a defendant must show that jurors had prior knowledge concerning the case, that he exhausted peremptory challenges and that a juror objectionable to him sat on the jury. *State v. Jerrett*, 309 N.C. 239, 307 S.E. 2d 339 (1983).

In the present case, the charges against defendant arose out of an investigation into an interstate child pornography ring. The news accounts were factually correct and did not deny defendant a fair trial. Additionally, defendant has made no showing that he exhausted his peremptory challenges or accepted an objectionable juror. Defendant did not meet his burden in showing that he was prejudiced by pretrial publicity. The trial court did not err in refusing to dismiss the indictments.

[3]  Defendant next contends that the trial court erred in finding a factual basis for the *nolo contendere* pleas to the charges of sexual activity by a substitute parent and the first count of crime against nature.

G.S. 15A-1022(c) states:

The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea. This determination may be based upon information including but not limited to:

(1) A statement of the facts by the prosecutor.

(2) A written statement of the defendant.

(3) An examination of the presentence report.

(4) Sworn testimony, which may include reliable hearsay.

(5) A statement of facts by the defense counsel.

The statute requires that "[s]ome substantive material independent of the plea itself appear of record which tends to show that

defendant is, in fact, guilty." *State v. Sinclair*, 301 N.C. 193, 199, 270 S.E. 2d 418, 421-22 (1980). The trial court may consider any information properly brought to its attention in determining whether there is a factual basis for a plea of guilty or no contest. *State v. Dickens*, 299 N.C. 76, 261 S.E. 2d 183 (1980).

In the case *sub judice*, the prosecutor stated that defendant had participated in the foster parent program for approximately 2½ years and that during such time, 15-year-old Everett Eugene Pritchard was defendant's ward. The prosecutor then read the following statement by Pritchard:

> [t]hen about a year ago, Harold and me was [sic] riding around and he started feeling of my leg. Harold had tried to get in the shower with me several times while I was staying with him. On four or five different times, Harold had had oral sex with me. October of '83 was the last time he had oral sex with me.

These statements, as well as defendant's own testimony concerning his foster parentage, constitute a sufficient factual basis for the pleas of *nolo contendere* to sexual activity by a substitute parent and crime against nature.

**[4]** Defendant next contends that the trial court erred by denying his motions to dismiss at the close of all the evidence because there was insufficient evidence to sustain the convictions for taking indecent liberties with a child and crime against nature. We do not agree.

G.S. 14-202.1 provides in part:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire.

Defendant asserts that there is no proof of his age as of the date of the offense in the record. Defendant is mistaken because defendant testified at trial that he was born in Flint, Michigan in 1928 and that he was 56 years old.

With respect to the conviction for crime against nature, Dayton Bryant's testimony that "[defendant] made me suck him and then he sucked me" is clearly sufficient evidence of the offense. *See State v. Goodson*, 313 N.C. 318, 327 S.E. 2d 868 (1985); *State v. Poe*, 40 N.C. App. 385, 252 S.E. 2d 843, *disc. rev. denied*, 298 N.C. 303, 259 S.E. 2d 304 (1979).

[5] Defendant also contends that the trial court erred in sentencing him for the crimes of sexual activity by a substitute parent and crime against nature. Specifically, defendant argues that the trial court failed to make requisite findings of mitigating and aggravating factors in sentencing him to prison terms in excess of the presumptive terms.

Defendant pleaded *nolo contendere* to the charges involving Everett Eugene Pritchard. He agreed to plead *nolo contendere* as a part of a plea arrangement. The terms and conditions of defendant's pleas were as follows:

> Any active sentences imposed will run concurrently with any active sentences imposed in 84-CRS-8451 and 84-CRS-8453 and will not exceed the active sentence imposed in 84-CRS-8451 and in 84-CRS-8453.

G.S. 15A-1340.4(b) provides in part that "a judge need not make any findings regarding aggravating and mitigating factors if he imposes a prison term pursuant to any plea arrangement as to sentence . . . , regardless of the length of the term. . . ."

Defendant was sentenced pursuant to the plea arrangement and the trial court was not required to make findings of aggravating or mitigating factors. *See State v. Simmons*, 64 N.C. App. 727, 308 S.E. 2d 95 (1983), *disc. rev. denied*, 310 N.C. 310, 312 S.E. 2d 654 (1984). The trial court did not err in sentencing defendant.

[6] Defendant next contends that his convictions of taking indecent liberties and crime against nature involving Dayton Bryant were obtained in violation of due process in that the State failed to disclose favorable or exculpatory evidence pursuant to the provisions of *Brady v. Maryland*, 373 U.S. 83 (1963).

*Brady* states that "suppression by the prosecution of evidence favorable to an accused upon request violates due proc-

ess where the evidence is material either to guilt or to punishment. . . ." *Id.* at 87.

> [I]t appears the prosecutor is constitutionally required to disclose only *at trial* evidence that is favorable and material to the defense. Due process is concerned that the suppressed evidence might have affected the outcome at trial and not that the suppressed evidence might have aided the defense in preparing for trial.

*State v. Hardy*, 293 N.C. 105, 127, 235 S.E. 2d 828, 841 (1977).

Defendant contends that the State failed to comply with the *Brady* requirements by withholding 1) pornographic photographs and albums containing the photographs, 2) notebooks seized from one of the witnesses against defendant, 3) statements by Dayton Bryant, 4) statements by Doral Ray Mason and 5) information given by Douglas Lucas to investigating officers which was favorable to defendant.

Defendant argues that the photo albums contained photographs depicting sexual activity with children and bore dates or comments pencilled in beside the pictures. Defendant asserts that he did not appear in the photographs and could have used them to corroborate his testimony that he was not involved in the pornographic activities which led to the charges against him. Defendant also argues that he might have used the dates on the photographs to identify more closely the date of the offenses.

At the time of trial, the State no longer possessed the photographs and Detective Mickey Wilson testified that defendant did not appear in any of the pictures. Even assuming *arguendo* that the albums may have aided defendant in preparing his defense, we hold that they would not have affected the outcome of the trial and would not have been discoverable by means of a *Brady* motion.

Defendant next argues that the State should have given him some notebooks allegedly seized from Doral Ray Mason. Detective Wilson testified about the "notebooks" but it appears from the transcript that he was referring to the photo albums and not to an additional item of evidence.

Defendant also argues that certain statements by Dayton Bryant and Doral Ray Mason should have been presented to the

defense. After a careful review of the record, we hold that defendant made no showing that these statements were favorable to him such that the State was required to disclose them to him absent a request.

Defendant further argues that Douglas Lucas informed the investigating officers that the incident involving Dayton Bryant did not occur and that the State withheld that information. At the hearing concerning defendant's motion for appropriate relief, Detective Wilson testified that Lucas told him that he witnessed defendant having oral sex with Dayton Bryant. Wilson also testified that Lucas was to testify for the State but was not called due to his mental capacity and the fact that he had suffered nervous breakdowns and was on medication. The information that the State obtained from Douglas Lucas prior to trial was neither favorable nor exculpatory to defendant.

[7] Defendant next contends that his convictions of taking indecent liberties and crime against nature involving Dayton Bryant were obtained in violation of the speedy trial provisions of the Sixth Amendment. Defendant asserts that the passage of over six years from the date of the offense to the date that charges were brought against him violated his constitutional rights. This contention is without merit because the speedy trial provision does not extend to the time period prior to arrest. *See United States v. Marion*, 404 U.S. 307 (1971).

[8] Defendant further contends that the trial court erred in sentencing him for both crime against nature and sexual activity by a substitute parent involving Everett Eugene Pritchard. Defendant argues that the convictions for both offenses violated the merger doctrine and subjected him to double jeopardy. Defendant asserts that *"under the unique facts of this case,* the offense of crime against nature is the functional equivalent of a lesser included offense of G.S. 14-27.7." We do not agree.

The determination of whether one offense is a lesser included of another must be based on a strict analysis of the elements of the two offenses. *State v. Wortham*, 318 N.C. 669, 351 S.E. 2d 294 (1987). Facts of a particular case do not determine whether one crime is a lesser included offense of another. *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982).

[T]he general rule in North Carolina for determining whether certain crimes are separate and distinct offenses is based on *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The rule states that in order to show separate and distinct offenses, there must be proof of an additional fact required for each conviction. It is not enough to show that one crime requires proof of a fact that the other does not. Each offense must include an element not common to the other (citations omitted).

*State v. Strohauer*, 84 N.C. App. 68, 72-73, 351 S.E. 2d 823, 827 (1987).

In *State v. Warren*, 309 N.C. 224, 306 S.E. 2d 446 (1983), the defendant was indicted for committing first degree sexual offense (specifically fellatio) in violation of G.S. 14-27.4. G.S. 14-27.4 requires proof of a "sexual act," as does G.S. 14-27.7. In *Warren*, our Supreme Court held that crime against nature was not a lesser included offense of sexual offense and stated:

[w]hile there may be evidence of penetration in this particular act of fellatio, the evidence was relevant only as proof of the *anatomical nature* of the sexual offense alleged. It is not a determinative factor in deciding whether crime against nature is a lesser included offense of the sexual offense charged.

*Id.* at 231, 306 S.E. 2d at 451.

Crime against nature is sexual intercourse contrary to the order of nature and includes acts between humans per anum and per os. *State v. Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978). Proof of penetration of or by the sexual organ is essential to a conviction of crime against nature. *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). Proof of a "sexual act" under G.S. 14-27.7 does not require, but may involve, penetration.

In the case *sub judice*, each offense involving Everett Eugene Pritchard for which defendant was convicted included an element not common to the other. Penetration is not essential to support a conviction of sexual activity by a substitute parent. G.S. 14-27.7 requires that the sexual act be performed by one who has "assumed the position of parent" to the minor victim. This is not a requisite element of crime against nature. Defendant was not placed in double jeopardy by the convictions for both offenses.

Defendant also argues that he was subjected to double jeopardy in that he was convicted of the two offenses as a result of a single act of oral sex. We are not persuaded by defendant's argument. Not only is there evidence of multiple incidents of oral sex, but also, as noted previously, crime against nature and sexual activity by a substitute parent involve distinct elements. Thus, the trial court did not err in sentencing defendant for both offenses.

Defendant further contends that the trial court violated the merger doctrine and subjected him to double jeopardy in sentencing him for both crime against nature and taking indecent liberties with Dayton Bryant. We disagree.

Crime against nature and taking indecent liberties with a child are separate and distinct offenses. *State v. Copeland,* 11 N.C. App. 516, 181 S.E. 2d 722, *cert. denied,* 279 N.C. 512, 183 S.E. 2d 688 (1971). The offenses of crime against nature and taking indecent liberties with children are complimentary but not mutually exclusive. *State v. Elam,* 302 N.C. 157, 273 S.E. 2d 661 (1981). The trial court did not err in sentencing defendant for both offenses.

Defendant also contends that the trial court erred in allowing the State to question Dayton Bryant concerning certain photographs. We have examined the record and find no merit to defendant's argument.

Defendant's remaining assignments of error arise from the trial court's denial of defendant's motion for appropriate relief. In the order denying defendant's motion, Judge Barefoot made the following findings of fact:

1. Petitioner/defendant had retained the services of Roland Braswell on a number of occasions prior to these charges. His services were retained in these cases some four months prior to trial and worked diligently procuring witnesses and evidence until the trial and sentencing was concluded. The court finds that counsel was well aware of all the facts in the cases and pursued all avenues of defense including alibi. Counsel discussed with petitioner all avenues of defense, the results of convictions and the appeal process prior to trial.

2. The newly discovered evidence which was unknown or un-available to defendant at trial was a man named Douglas Lucas, a resident of Wilson County for forty-nine years working as a tailor. The court finds that this person was a witness for the State and was present during the trial of this matter. Defense counsel did not interview this witness and concluded that he did not need this person to testify for defendant as counsel's investigation revealed that the witness was totally on the side of the State.

3. The next day after guilty verdicts on two charges, counsel discussed negotiated pleas on the final two counts with petitioner. The court finds that counsel for defendant had known defendant for ten to fifteen years and that on the occasion of the discussion of the plea arrangements the petitioner was no different than he had been on other oc-casions as to his mental alertness, his physical appearance and this general demeanor were the same as always other than the fact that he had been convicted of two serious crimes. He was informed by counsel that upon entry of No Contest pleas that he would loose [sic] his right to appeal the cases.

Judge Barefoot then concluded as a matter of law that:

1. The defendant was represented by competent counsel who afforded him effective, reasonable, and professional repre-sentation throughout the proceedings.

2. There is no new evidence available that would allow a new trial or would have caused the jury to reach a different verdict from that pronounced.

3. The pleas entered by the defendant were made freely and voluntarily and understandingly without coersion [sic] and were his informed choices.

4. The petitioner had a fair and impartial trial and none of his constitutional or other legal rights were violated in any respect before, during or after his trial.

When reviewing a trial court's denial of a motion for ap-propriate relief, an appellate court is to determine whether the findings of fact are supported by the evidence, whether the find-

ings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court. *State v. Stevens,* 305 N.C. 712, 291 S.E. 2d 585 (1982). The trial court's findings of fact are binding if they are supported by evidence even though the evidence is conflicting. *Id.*

[9] Defendant contends that he did not receive effective assistance of counsel.

When a defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668 (1984); *State v. Braswell,* 312 N.C. 553, 324 S.E. 2d 241 (1985). In order to meet this burden, a defendant must show that counsel's performance was deficient and prejudiced the defense to the extent that defendant was deprived of a fair trial. *Id.*

After an evidentiary hearing in the present case, Judge Barefoot made findings of fact and concluded that defendant received effective assistance of counsel. The evidence supports the findings of fact, and the findings support the conclusion that defendant received effective representation.

Defendant also contends that his pleas of *nolo contendere* were involuntary, uninformed and incompetent. This contention is without merit as Judge Barefoot's findings of fact and conclusions of law with respect to defendant's pleas are well supported by the evidence in the record.

Defendant finally contends that "the trial court erred and abused its discretion by the entry of an order denying the defendant's request for a new trial in a motion for appropriate relief based in part on newly-discovered evidence." We are not persuaded by defendant's argument. The newly discovered evidence was Douglas Lucas. The trial court's findings and conclusions regarding Douglas Lucas and newly discovered evidence are supported by the evidence in the record. The trial court did not err in denying defendant's request for a new trial.

Defendant had a fair trial, free of prejudicial error.

No error.

Judges WELLS and SMITH concur.