IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-355

No. COA20-688

Filed 20 July 2021

Wake County, No. 16CRS215238

STATE OF NORTH CAROLINA

v.

LAWRENCE SCOTT, Defendant.

Appeal by Defendant from judgments entered on 25 October 2019 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 25 May 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Ellen Newby, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for the Defendant.*

JACKSON, Judge.

¶ 1 Lawrence Scott ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty of two counts of sexual activity by a substitute parent, a violation of N.C. Gen. Stat. § 14-27.7(a). On appeal, Defendant argues that the trial court erred in allowing amendment of the indictment charging him with these offenses. Defendant also argues that the trial court erred by sentencing him to consecutive sentences for his convictions. We hold that Defendant has failed to demonstrate any error.

## I.    Background

On Tuesday, 31 May 2016, Katherine[1] stayed home from school after returning from an out-of-town trip over the Memorial Day weekend.  The holiday fell on Monday, 30 May 2016 that year, and Katherine had returned home late at night.  She was 16 years old at the time.  There was an exam period at her school that week and she did not need to be at school on Tuesday because she had no exam that day.

That morning, Katherine's mother had a job interview.  Before leaving for the interview, Katherine's mother woke her and invited her to come with her, but Katherine declined.  After Katherine's mother left for the interview, Katherine went back to sleep.

Defendant is the father of Katherine's younger sister and had been living with Katherine's family since losing his job in 2015.  After Katherine's mother left for the interview, Defendant entered the room where Katherine had been sleeping.  Katherine was still in bed, but she was awake.  Defendant began flashing money at Katherine, whereupon she asked if she could have a dollar.  Defendant replied that she would have to work for it, and repeated this several times.

Defendant then performed cunnilingus on Katherine and then stood up and had her perform fellatio on him.  He also attempted to penetrate her vaginally.

---

[1] A pseudonym is used for ease of reading and to protect the privacy of the victim, who was a juvenile at the time of the commission of the offenses.  *See* N.C. R. App. P. 42(b).

¶ 6          Katherine's mother then returned home. She had gone grocery shopping after her job interview. Defendant brought some of the grocery bags inside and then left the home. After he left, Katherine told her mother what had happened.

¶ 7          On 29 July 2016, a warrant was issued for Defendant's arrest. He was taken into custody the same day. A Wake County grand jury indicted him with three counts of sexual activity by a substitute parent on 22 August 2016.

¶ 8          The matter came on for trial before the Honorable A. Graham Shirley in Wake County Superior Court on 17 July 2018. At the conclusion of a three-day trial, the jury acquitted Defendant of one of the counts. It was hopelessly deadlocked on the remaining two. Judge Shirley accepted the jury's not guilty verdict on the first count and declared a mistrial as to the remaining counts.

¶ 9          Defendant was re-tried in October 2019 before the Honorable Rebecca W. Holt. Judge Holt presided over a four-day trial. At the conclusion of the trial, the jury returned verdicts of guilty on the remaining counts. The court entered two judgments on the jury's verdicts, sentencing Defendant to 20 to 84 months in prison in each judgment, and ordering that the sentences run consecutively. The court also ordered that Defendant register as a sex offender and entered a permanent no contact order with Katherine.

¶ 10          Defendant entered timely written notice of appeal on 1 November 2019.

## II.     Analysis

¶ 11        Defendant makes essentially two arguments on appeal, which we address in

turn.

### A. Amendment of the Indictment

¶ 12        Defendant first argues that the trial court erred by granting the State's motion

to amend the indictment. Specifically, Defendant contends that allowing the State to

amend the indictment by adding the words "[a]t the time of the offense, the defendant

was residing in the home with [Katherine]" substantially altered the charges in the

indictment, adding an essential element to the offense charged—an element the

unamended version of the indictment did not include. We disagree.

¶ 13        "A valid bill of indictment is essential to the jurisdiction of the trial court to try

an accused for a felony." *State v. White,* 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019)

(internal marks and citation omitted). It "serves to identify the offense being charged

with certainty, to enable the accused to prepare for trial, and to enable the court,

upon conviction, to pronounce the sentence." *State v. Rankin*, 371 N.C. 885, 886, 821

S.E.2d 787, 790 (2018) (internal marks and citation omitted). An indictment must

therefore contain

> [a] plain and concise factual statement in each count
> which, without allegations of an evidentiary nature, *asserts*
> *facts supporting every element of a criminal offense* and the
> defendant's commission thereof with sufficient precision
> clearly to apprise the defendant . . . of the conduct which is
> the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2019) (emphasis added).

¶ 14     "[A]n indictment is fatally defective if it fails to state some essential and necessary element of the offense of which the defendant is found guilty." *White*, 372 N.C. at 250, 827 S.E.2d at 82 (internal marks and citation omitted). An invalid indictment "fails to confer subject-matter jurisdiction on the trial court." *State v. Lyons*, 268 N.C. App. 603, 607, 836 S.E.2d 917, 921 (2019) (citation omitted). Accordingly, the validity of an indictment may be raised for the first time on appeal "even though no corresponding objection, exception or motion was made in the trial division." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981).

¶ 15     "Although G.S. 15A-923(e) prohibits the amendment of a bill of indictment, the term 'amendment' has been restrictively defined as 'any change in the indictment which would substantially alter the charge set forth in the indictment.'" *State v. Cameron*, 83 N.C. App. 69, 72, 349 S.E.2d 327, 329 (1986) (quoting *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)). Thus, "while amending an indictment to add an essential element to the allegations contained therein constitutes a substantial alteration, an amendment that simply corrects an error unconnected and extraneous to the allegations of the essential elements [does] not." *State v. Stith*, 246 N.C. App. 714, 716, 787 S.E.2d 40, 43 (2016) (internal marks and citation omitted), *aff'd*, 369 N.C. 516, 796 S.E.2d 784 (2017).

¶ 16     Both the facial validity of indictments and trial rulings allowing amendment

of indictments are reviewed de novo by our Court. *See, e.g.*, *State v. Edgerton*, 266 N.C. App. 521, 525, 832 S.E.2d 249, 253 (2019) (standard of review for facial validity challenges is de novo); *State v. Frazier*, 251 N.C. App. 840, 795 S.E.2d 654, 655 (2017) (standard of review for rulings on amendments to indictments is de novo). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal marks and citation omitted).

¶ 17 The crime of sexual activity by a substitute parent is defined by N.C. Gen. Stat. § 14-27.31, which provides:

> If a defendant who has assumed the position of a parent in the home of a minor victim engages in vaginal intercourse or a sexual act with a victim who is a minor residing in the home, the defendant is guilty of a Class E felony.

N.C. Gen. Stat. § 14-27.31(a) (2019). "[T]he elements of sexual activity by a substitute parent are (1) vaginal intercourse or a sexual act, (2) with a minor victim residing in a home, (3) by a person who has assumed the position of a parent in the minor victim's home." *State v. Johnson*, 253 N.C. App. 337, 346, 801 S.E.2d 123, 128 (2017). "Proof of a 'sexual act' under [the statute] does not require . . . penetration." *State v. Hoover*, 89 N.C. App. 199, 208, 365 S.E.2d 920, 926 (1988).

¶ 18 The indictment charging Defendant with sexual activity by a substitute parent charged that

> on or about May 31, 2016, in Wake County, the defendant . . . unlawfully, willfully, and feloniously did, having assumed the position of a parent in the home of [Katherine] . . . , a person less than eighteen years old, and engaged in a sexual act with that person. This act was done in violation of NCGS § 14-27.7(a).

As noted previously, the indictment charged Defendant with three counts of the offense.

¶ 19 The unamended version of the indictment thus charged that Defendant, (1) "having assumed the position of a parent in the home of [Katherine]"; (2) "a person less than eighteen years old"; (3) "engaged in a sexual act with that person." These allegations allege the essential elements of sexual activity by a substitute parent. *See Johnson*, 253 N.C. App. at 346, 801 S.E.2d at 128. We therefore hold that the unamended version of the indictment was facially valid. Accordingly, even this unamended version of the indictment served the dual purposes of a valid indictment—providing Defendant with notice and preventing double jeopardy. *See Rankin*, 371 N.C. at 886, 821 S.E.2d at 790.

¶ 20 The State's motion to amend the indictment was heard on 12 July 2018 before the Honorable R. Allen Baddour, Jr., in Wake County Superior Court. Defendant argued at the hearing that the State's proposed amendment was impermissible because liability for the offense required proof both (1) that the defendant resided in the home and (2) that he had acted in a parental role, and that these two facts were

separate essential elements of the crime. The State disputed this argument and explained that it was "asking to amend out of an abundance of caution, to – just to be clear[.]" Judge Baddour consulted the pattern jury instructions and noted that the third element of the offense in the pattern instruction was that "that the defendant had assumed the position of a parent in the home where the alleged victim resided[,]" and ruled as follows:

> THE COURT: . . . I think that the existing language is sufficient to indict and provide jurisdiction to the court for a trial on sexual activity by a substitute parent, but I do also think that the amendment provides more clear language without adding an element, so to speak.
>
> So I will allow the motion.
>
> I also, on the Court's own motion, will amend the statute in each count of the indictment from 14-27.7(a) to 14-27.31(a).[2]

Judge Baddour memorialized these rulings in a written order dated 13 July 2018.

¶ 21        Defendant's argument on appeal is somewhat different than the one made by his trial counsel at the 12 July 2018 hearing before Judge Baddour. Whereas there, Defendant argued that the State was required to prove both that *he* resided in the home where the offense occurred and had acted in a parental role in the home, here, he argues that the unamended version of the indictment did not adequately allege

---

[2] N.C. Gen. Stat. § 14-27.7(a) was recodified at N.C. Gen. Stat. § 14-27.31 in 2015. 2015 S.L. 181 § 13(a).

that the *minor victim* resided in the home at the time of the offense. Defendant's appellate counsel thus appears to recognize that trial counsel's argument was unsuccessful because it is the victim, not the defendant, that the State must prove lived in the home at the time of the offense in order to convict. *See* N.C. Gen. Stat. § 14-27.31(a) (2019) (defining offense as where "a defendant who has assumed the position of a parent in the home of a minor victim engages in . . . a sexual act with a *victim who is a minor residing in the home*") (emphasis added); N.C.P.I.—Crim 207.70A (requiring proof that offense occurred "in the home where the alleged victim resided"). Yet, appellate counsel's argument is just as unavailing. The allegations in the unamended indictment allege that the minor victim was Katherine, "a person less than eighteen years old," and that Defendant "ha[d] assumed the position of a parent in the home of [Katherine.]" These allegations make plain that Katherine, the minor victim, was alleged to reside in the home where Defendant stood accused of engaging in various sexual acts with her after assuming the position of a parent. Accordingly, we hold that the unamended version of the indictment adequately alleged that the minor victim resided in the home where the offenses occurred.

¶ 22        Adding the words "[a]t the time of the offense, the defendant was residing in the home with [Katherine]" to what otherwise was a facially valid indictment did not constitute a substantial alteration of the offenses charged in the indictment because these additional words did not add any previously omitted essential element of the

crime of sexual activity by a substitute parent. As noted above, it is not an essential element of sexual activity by a substitute parent that the person who has assumed the position of a parent reside in the home where the minor victim resides, although this will no doubt often be the case when a person assumes the position of a parent with respect to a minor child. Instead, it is the minor victim who must reside in the home at the time of the commission of the offense. *See* N.C. Gen. Stat. § 14-27.31(a) (2019) (requiring that the victim "is a minor residing in the home"); N.C.P.I.—Crim 207.70A (defining the third element of the offense as "the defendant had assumed the position of a parent in the home where the alleged victim resided"). Accordingly, the words, "[a]t the time of the offense, the defendant was residing in the home with [Katherine,]" were "extraneous to the allegations of the essential elements" in the indictment. *Stith*, 246 N.C. App. at 716, 787 S.E.2d at 43. Adding them thus did not qualify as an amendment prohibited by N.C. Gen. Stat. § 15A-923(e).

## B. Consecutive Sentences

Defendant also argues that the trial court erred by sentencing him to two consecutive sentences. Specifically, Defendant contends that sentencing him to consecutive sentences was improper where the predicate sexual acts for each conviction were perpetrated during the same incident, recasting a double jeopardy argument that has not been preserved for appellate review as a hybrid challenge to the unanimity of the verdict and sufficiency of the indictment. We hold that (1) the

jury instructions and verdict sheets demonstrate that the jury's verdicts were unanimous; (2) indicting Defendant with multiple counts of the same crime based on distinct sexual acts was proper; and (3) the trial court did not abuse its discretion by sentencing Defendant to consecutive sentences.

¶ 24       In general, constitutional issues not raised in the trial court will not be considered for the first time on appeal. *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). However, alleged "[v]iolations of . . . the right to a unanimous verdict . . . are not waived by the failure to object at trial and may be raised for the first time on appeal." *State v. Wiggins*, 161 N.C. App. 583, 592, 589 S.E.2d 402, 409 (2003) (citation omitted). Similarly, challenges to "the sufficiency of an indictment . . . may be made for the first time in the appellate division." *Sturdivant*, 304 N.C. at 308, 283 S.E.2d at 729.

¶ 25       Article I, § 24 of the North Carolina Constitution and the Sixth Amendment to the United States Constitution both guarantee the right to a unanimous verdict. *See* N.C. Const. art. I, § 24 ("No person shall be convicted of any crime but by the unanimous verdict of a jury in open court[.]"); *Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020) ("[T]he Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally."). So do our General Statutes. *See* N.C. Gen. Stat. § 15A-1237(b) (2019) ("The verdict must be unanimous, and must be returned by the jury in open court."). Verdict unanimity issues can arise "[i]f the trial court instructs

a jury that it may find the defendant guilty of the crime charged on either of two alternative grounds, [and] some jurors [] find the defendant guilty of the crime charged on one ground, while other jurors [] find the defendant guilty on another ground." *State v. Petty*, 132 N.C. App. 453, 460, 512 S.E.2d 428, 433 (1999). "Where each alternative ground constitutes a separate and distinct offense, the risk of a nonunanimous verdict arises." *Id.* (citation omitted).

¶ 26        For example, if a jury is instructed to return a guilty verdict if it finds that the "defendant knowingly possessed or knowingly transported marijuana" and the verdict sheet states that the jury finds the defendant guilty of trafficking marijuana without specifying whether the conviction is for trafficking in marijuana by transportation or possession—two different modes of liability for the offense of trafficking in marijuana—it is impossible from the verdict and instructions "to determine whether all of the jurors found possession, all found transportation, or some found one and some the other." *State v. Hartness*, 326 N.C. 561, 564, 391 S.E.2d 177, 179 (1990). Critically, "a disjunctive instruction, which allows the jury to find a defendant guilty if he commits either of two underlying acts, *either of which is in itself a separate offense*, is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense." *State v. Lyons*, 330 N.C. 298, 302-03, 412 S.E.2d 308, 312 (1991) (emphasis in original). On the other hand, "if the trial court merely instructs the jury disjunctively

as to various alternative acts which will establish an element of the offense, the requirement of unanimity is satisfied." *Id.* at 303, 412 S.E.2d at 312.

¶ 27      This case does not present a verdict unanimity issue.  The jury instructions and the verdict sheets consistently distinguished between the sexual act upon which each of the counts of sexual activity by a substitute parent were predicated.  The trial court instructed the jury on the count predicated on cunnilingus as follows:

> The defendant has been charged with feloniously engaging in a sexual act, cunnilingus, with a minor over whom the defendant had assumed the position of a parent residing in the home.  For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:
>
> First, that the defendant engaged in a sexual act with the alleged victim.  A sexual act means cunnilingus, which is any touching, however slight, by the lips or tongue of one person to any part of the female sex organ of another.
>
> Second, that the alleged victim was a minor.  A minor is someone who has not attained the age of 18 years or has not otherwise been emancipated.
>
> And, third, that the defendant . . . had assumed the position of a parent in the home where the alleged victim resided.
>
> Consent is no defense to this charge.
>
> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in a sexual act, cunnilingus, with the alleged victim and that at the time the alleged victim was less than 18 years of age and had not been emancipated and was thereby a minor and that the defendant had assumed the

position of a parent in the home where the alleged victim resided, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

¶ 28     Then the court instructed the jury on the count predicated on fellatio:

The defendant has been charged with feloniously engaging in a sexual act, fellatio, with a minor over whom the defendant had assumed the position of a parent residing in the home.  For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:

First, that the defendant engaged in a sexual act with the alleged victim.  A sexual act also means fellatio, which is any touching by the lips or tongue of one person and the male sex organ of another.

Second, that the alleged victim was a minor.  A minor is someone who has not attained the age of 18 years or has not otherwise been emancipated.

And, third, that the defendant had assumed the position of a parent in the home where the alleged victim resided.

Consent is no defense to this charge.

If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant engaged in a sexual act, fellatio, with the alleged victim and that at that time the alleged victim was less than 18 years of age and had not been emancipated and was thereby a minor and that the defendant had assumed the position of a parent in the home where the alleged victim resided, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt about one or more of these things, it would be your duty to return a

verdict of not guilty.

¶ 29     Although not required, we note that the verdict sheet for the count predicated

on cunnilingus stated as follows:

> We the jury by unanimous verdict find the defendant,
> Lawrence Scott, to be:
> COUNT 2
>
> ✓ Guilty of Sexual Activity by a Substitute Parent
>   (Cunnilingus)

The verdict sheet for the count predicated on fellatio read in the same fashion:

> We the jury by unanimous verdict find the defendant,
> Lawrence Scott, to be:
> COUNT 3
>
> ✓ Guilty of Sexual Activity by a Substitute Parent
>   (Fellatio)

¶ 30     Accordingly, we hold that the consistent distinction between the sexual acts

upon which the convictions were predicated demonstrates that the jury's verdicts

were unanimous.

¶ 31     Defendant argues that he is being punished twice for a single offense because

the sexual acts upon which his convictions were based were perpetrated during the

same incident and that the indictment was thus "multiplicious." *See Petty*, 132 N.C.

App. at 463 n. 2, 512 S.E.2d at 435 n. 2 ("An indictment is multiplicious if it charges

a single offense in several counts."). However, the indictment in this case is not

"multiplicious": it charges Defendant with multiple counts of the same crime. While

the crime is the same in each count, each count represents a different charge—a separate instance of commission of the crime based on a distinct predicate act. The first count, which he was acquitted of, was based on vaginal intercourse. The two counts of which he was found guilty were based on cunnilingus and fellatio, respectively. "Even when multiple sex acts occur in a 'single transaction' or a short span of time, each act is a distinct and separate offense." *State v. Gobal*, 186 N.C. App. 308, 322 n. 7, 651 S.E.2d 279, 288 n. 7 (2007), *aff'd*, 362 N.C. 342, 661 S.E.2d 732 (2008). Distinct sexual acts perpetrated during the same incident can thus support multiple indictments and convictions for a sexual offense. *See, e.g.*, *State v. Dudley*, 319 N.C. 656, 659, 356 S.E.2d 361, 363 (1987) (upholding two rape convictions where the instances of forcible intercourse occurred during the same incident but were interrupted by an attempted rape of another victim); *State v. Pierce*, 238 N.C. App. 537, 539, 767 S.E.2d 860, 862 (2014) ("[M]ultiple sexual acts during a single encounter may form the basis for multiple counts of indecent liberties."); *State v. Williams*, 201 N.C. App. 161, 185, 689 S.E.2d 412, 426 (2009) ("[T]he occurrence of the acts in a 'single transaction' is irrelevant."); *State v. Coleman*, 200 N.C. App. 696, 706, 684 S.E.2d 513, 520 (2009) (upholding two convictions for indecent liberties for distinct acts committed during the same evening); *State v. James*, 182 N.C. App. 698, 705, 643 S.E.2d 34, 38 (2007) ("The distinctive character of the acts is not altered because all three occurred within a short time span."). Accordingly, we hold that the

indictment charging Defendant with separate counts of sexual activity by a substitute parent based on distinct sexual acts did not suffer from any infirmity.

"It is well established that the decision to impose consecutive or concurrent sentences is within the discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." *State v. Espinoza-Valenzuela*, 203 N.C. App. 485, 497, 692 S.E.2d 145, 154 (2010) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005) (citation omitted).

It was well within the trial court's discretion to impose the sentence Defendant received. Nothing in the record suggests that sentencing Defendant to consecutive sentences for his convictions was "manifestly unsupported by reason or . . . arbitrary[.]" *Id.* We therefore hold the decision to sentence Defendant to consecutive sentences was not an abuse of discretion.

### III. Conclusion

For the reasons stated above, we hold that Defendant has failed to demonstrate any error in the proceedings in the trial court.

NO ERROR.

Judges TYSON and MURPHY concur.