An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A  p  p  e  l  l  a  t  e      P  r  o  c  e  d  u  r  e  .

NO. COA13-1000

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Person County |
|  | Nos. 12 CRS 1794—95 |
| NATHANIEL HAWTHORNE SMITH, II, | |
| Defendant. | |

Appeal by defendant from judgment entered 27 March 2013 by Judge Michael R. Morgan in Person County Superior Court. Heard in the Court of Appeals 22 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Thomas D. Henry, for the State.*
>
> *Unti & Lumsden LLP, by Sharon L. Smith, for defendant-appellant.*

BRYANT, Judge.

Where defendant introduces evidence of a prior arrest, the State is entitled to introduce evidence in explanation or rebuttal thereof, even though the rebuttal evidence would be otherwise inadmissible. Defendant cannot claim ineffective

assistance of counsel where it cannot be demonstrated that the actions of his counsel fell below an objective standard of reasonableness or were so prejudicial as to affect the outcome of his trial.

On 20 March 2012, a confidential informant notified Investigator Gill of the Person County Sheriff's Office that he had spoken with defendant Nathaniel Hawthorne Smith about purchasing marijuana. After an exchange of text messages, the informant arranged to buy marijuana from defendant that afternoon at a nearby park. Investigator Gill met with the informant for a "pre-buy meeting" during which a small video camera was affixed to the informant's shirt. The informant was then driven to a drop-off point to walk to the park.

As the informant entered the park, he saw defendant exit a car, place a bag on the ground near the car, and then get back into the car. The informant approached the car, asked defendant for a "quarter bag," and after handing defendant $60.00, was directed to pick-up the bag lying on the ground. Upon completing the sale, defendant drove away, and the informant contacted Investigator Gill.

Investigator Gill returned to the park to pick-up the informant and conduct a "post-buy meeting." At this meeting,

the informant told Investigator Gill what had transpired during the buy, gave him the bag, and was relieved of the video camera. The bag was determined to contain 7.9 grams of marijuana.

On 10 September 2012, defendant was indicted on one count each for sale and delivery of a schedule VI controlled substance; possession with intent to sell and deliver a schedule VI controlled substance; sale and delivery of a controlled substance within 1000 feet of a public park; and possession of drug paraphernalia. On 27 March 2013, defendant was convicted of all four charges and sentenced to a prison term of 36 to 56 months. Defendant appeals.

_____

On appeal, defendant argues (I) that the trial court erred in allowing the State to inquire about defendant's prior arrest and (II) that the trial court deprived defendant of effective assistance of counsel.

*I.*

Defendant first argues that the trial court erred in allowing the State to inquire into his prior arrest involving marijuana. We disagree.

In arguing that the trial court erred in permitting the State to question Investigator Gill about defendant's prior

arrest involving marijuana, defendant contends that the trial court violated Rule 404(b) of our Rules of Evidence by improperly admitting character evidence. We disagree, as it was defendant himself who opened the door to permitting the State to question Investigator Gill about his prior arrest.

> [E]vidence which is otherwise inadmissible is admissible to explain or rebut evidence introduced by defendant. This is true even if a defendant admits evidence during cross-examination of a State's witness, prompting the State to introduce otherwise inadmissible evidence in rebuttal. Therefore, where a defendant examines a witness so as to raise an inference favorable to defendant, which is contrary to the facts, defendant opens the door to the introduction of the State's rebuttal or explanatory evidence about the matter.

*State v. O'Hanlan*, 153 N.C. App. 546, 561, 570 S.E.2d 751, 761 (2002) (citations omitted). "The phrase 'opening the door' refers to the principle that where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though such latter evidence would be incompetent or irrelevant had it been offered initially." *State v. Rose*, 335 N.C. 301, 337, 439 S.E.2d 518, 538 (1994) (citation, quotation and bracket omitted), *overruled on other grounds by State v. Buchanan*, 353 N.C. 332, 543 S.E.2d 823 (2001).

Here, defendant opened the door during his cross-examination of Investigator Gill:

> Q. Okay. Investigator Gill, you would admit that the suspect who allegedly sold this marijuana was on camera in this video for a matter of seconds?
>
> A. Correct.
>
> Q. And at the time it was kind of dark. They were sitting in a vehicle when it happened, correct?
>
> A. Correct.
>
> Q. And at times, really, only part of their face was showing, correct?
>
> A. Yup. One side of the face.
>
> Q. And it was just based on those few seconds that you say you identified [defendant] as being the person on that video?
>
> A. That's correct.
>
> Q. And when had been the last time you had seen [defendant] in person prior to watching that video?
>
> A. I'm not exactly sure on the date. The last time I seen him, he was actually in my office talking to me.
>
> Q. But you don't know how long that had been?
>
> A. No, sir. I don't. He was in there talking to me in reference to assisting us.

Through this line of questioning, defendant sought to undermine Investigator Gill's credibility by attempting to create the impression that Investigator Gill's identification of defendant was not clear and positive. Defendant did not object nor move to strike Investigator Gill's testimony that defendant had been "in [my office] talking to me in reference to assisting us." Before beginning redirect, the State announced its intent to question Investigator Gill about his comments concerning defendant being "in [my office] talking to me in reference to assisting us." The trial court noted the following in its Rule 403 analysis:

> Well, I do recall that when the question was asked by defense counsel of the witness, when was the last time that the witness had seen the defendant, the response was by the witness that the witness saw the defendant last in the witness' office and then the witness added at the very end when the witness offered himself as a confidential informant. There was no objection based on nonresponsive [sic] or irrelevancy. So, that's on the record. The State has got a right to explore whatever comes out on cross. That is in the record. So, that's there. So, I got [sic] to afford the State an opportunity to do that, exploration if it so desires on redirect. So, I will allow that.
>
> Now, to the extent that I got fuller information concerning what happened as a result, the State can explore it if it wishes. If there's an objection on it, I'll

rule on it in the context in which it occurs. If it does come out that there was a matter that was ultimately resolved by way of dismissal, then, if it gets to that extent on the record, then certainly, um, I'll allow [counsel for defendant] to tie up what the ultimate resolution of that was, but because it was explored to some extent on cross, then I've got to allow the State the opportunity to say what it has to say about it on redirect.

So, I will allow the subject to be explored on redirect because it was explored on cross, and I'll take whatever objections may occur based on the context in which it arises.

On redirect, Investigator Gill testified that the reason defendant came into his office offering assistance was because defendant had been arrested after marijuana was found in his car during a traffic stop. Investigator Gill stated that defendant offered to assist with another investigation and signed a confidential informant packet.

"[T]he objective of redirect examination is to clarify the subject matter of the direct examination and any new matter elicited on cross-examination[.]" *State v. Price*, 301 N.C. 437, 452, 272 S.E.2d 103, 113 (1980) (citation omitted). By eliciting testimony as to how Investigator Gill could have been positive in his identification of defendant as the person seen on camera selling marijuana, defendant opened the door for the

State to seek an explanation of this testimony on redirect. Accordingly, the trial court did not err in allowing the State to inquire into the circumstances under which Investigator Gill had seen and talked to defendant.

Defendant further argues that he was unfairly prejudiced by the trial court's allowing the State to question Investigator Gill about defendant's prior arrest involving marijuana. Defendant contends that had the testimony concerning defendant's prior arrest involving marijuana not been admitted, a different result would have been reached at his trial. We disagree, as the case against defendant for the 20 March 2012 marijuana offense was not based solely on his prior arrest involving marijuana.

The State presented evidence to the jury which tended to show that defendant had sold marijuana to the confidential informant by means of testimony by Investigator Gill, testimony by the confidential informant, and a video recording captured by a video camera attached to the informant's shirt during his purchase of marijuana from defendant. As such, the State presented sufficient evidence for the jury to find beyond a reasonable doubt that defendant was the individual who sold marijuana to the informant. Further, the jury specifically

requested to see the segment of the video recording of the controlled buy where defendant's face was visible in the car. At 1:59 p.m., the jury sent a note to the trial court asking: "the jury would like to review the video. [sic] @ the car to see a closer picture of the Defendant." After discussing the jury's request with counsel, the trial court permitted the jury to watch this portion of the video which showed, albeit briefly, defendant's face inside the car. The jury then returned to its deliberations, reaching its verdicts at 2:31 p.m. This request by the jury clearly shows an intent to ascertain for themselves whether defendant was the person shown in the car. From this record there is no evidence that the jury was unfairly prejudiced by testimony concerning defendant's prior arrest involving marijuana.

Defendant further argues that the admission of testimony concerning his prior arrest involving marijuana was prejudicial because the trial court failed to give a limiting instruction regarding permissible uses of Rule 404(b) evidence of prior bad acts. Although the trial court failed to give a limiting instruction regarding the jury's consideration of defendant's prior arrest involving marijuana, there is nothing in the record to indicate that, but for the absence of the limiting

instruction, defendant's trial would have reached a different outcome. As discussed above, there is no evidence to suggest that the jury was unfairly prejudiced by Investigator Gill's testimony concerning defendant's prior arrest involving marijuana. We find nothing in the trial court's failure to give a limiting instruction that is "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley,* 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987) (citations omitted). Accordingly, defendant's argument is overruled.

## *II.*

Defendant next argues that his counsel deprived him of effective assistance of counsel. We disagree.

"A defendant's right to counsel includes the right to effective assistance of counsel." *State v. Grooms*, 353 N.C. 50, 64, 540 S.E.2d 713, 722 (2000) (citation omitted). This court analyzes claims of ineffective assistance of counsel using a two-part test, as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Braswell*, 312 N.C. 553, 562—63, 324 S.E.2d 241, 248 (1985). First, defendant must show that his "counsel's performance fell below an objective standard of

reasonableness as defined by professional norms." *State v. Lee*, 348 N.C. 474, 491, 501 S.E.2d 334, 345 (1998). Secondly, defendant must show he was prejudiced by the error such that "a reasonable probability exists that the trial result would have been different absent the error." *Id*.

Defendant contends that his "counsel's failure to object to, to move to strike, and to request a limiting instruction regarding the nonresponsive testimony offered by [Investigator] Gill and [the confidential informant] was objectively deficient." Specifically, defendant argues that his counsel was deficient because by not objecting to, moving to strike, or requesting a limiting instruction for Investigator Gill's nonresponsive testimony concerning defendant's prior arrest involving marijuana, defendant's counsel exposed defendant to prejudice. We disagree, as defendant has not demonstrated such prejudice that "a reasonable probability exists that the trial result would have been different absent the error." *Id*.

In reviewing a claim of ineffective assistance of counsel, "if a reviewing court can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's

performance was actually deficient." *Braswell*, 312 N.C. at 563, 324 S.E.2d at 249. Here, as discussed in *Issue I*, defendant has not demonstrated that, absent the nonresponsive testimony by Investigator Gill concerning defendant' prior arrest involving marijuana, the jury would have reached a different conclusion. In reviewing the record before this Court, we find nothing to suggest that defendant's counsel failed to act within reasonable standards.

> Judicial review of counsel's performance must be highly deferential so as to avoid the prejudicial effects of hindsight. Because of the difficulties inherent in determining if counsel's conduct was within reasonable standards, a court must indulge a strong presumption that counsel's conduct falls within the broad range of what is reasonable assistance.

*State v. Fisher*, 318 N.C. 512, 532, 350 S.E.2d 334, 346 (1986) (citing *Strickland*, 466 U.S. at 689). As defendant has not demonstrated that his counsel acted outside of reasonable standards or exposed him to prejudice such that it affected the outcome of his trial, defendant's argument is overruled.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).